### CHAPPLE *v.* THE STATE.

There was a variance between the contract alleged in the accusation and that proved, and the verdict was not supported by the evidence.

Argued October 18,—Decided November 9, 1906.

Accusation of misdemeanor. Before Judge Little. City court of Sparta. August 28, 1906.

*T. M. Hunt,* for plaintiff in error.

*R. W. Moore, solicitor,* contra.

LUMPKIN, J. An accusation alleged that the defendant did commit the offence of cheating and swindling, for that on the 24th day of October, 1905, he "did, after having contracted with Waller Bros., a firm composed [of] B. H. Waller and G. C. Waller, to perform for them certain services as a wage hand, at and for the sum of $9.00 per month, and to work for said Waller Bros. under said contract a sufficient length of time to pay in full the sum of $110.00 procured of them under said contract, said $110.00 having been procured with intent not to perform said contract, to the loss and damage of the hirer in the sum of $54.00, said labor not having been performed or said money returned to said hirers, and no cause having been given for non-performance of said contract." The evidence of one of the hirers, in regard to the contract, was as follows: "The firm of Waller Brothers did make a contract with Alex. Chapple during the year 1905. The contract was that we paid a fine here in court for his wife (the fine was seventy-five dollars), and he came to us and told us he would pay us one hundred and ten dollars and work it out if we would pay the fine and not let her go to the chain-gang. We took the contract for one hundred and ten dollars, and he was to commence that day—the next

day (that was on the 24th of October, I believe), and work for nine dollars a month and we feed him until he paid the one hundred and ten dollars, and when he had to have clothes and such things as that, I paid for them too. He commenced the 25th day of October and worked until the 26th day of June. At the end of that time he had taken up about ten or twelve dollars worth, and he lost twenty-eight days time, at nine dollars a month. He took up $10 of $12; not less than $10, not more than $12." A comparison of these statements will show that there was a variance between the contract alleged and that proved, and a verdict of guilty was not supported by the evidence.

*Judgment reversed. All the Justices concur.*