1591.   BRAWNER *v.* THE STATE.

The evidence was sufficient to justify the conviction of the defendant of the offense of cheating and swindling, under the act of August 15, 1903 (Georgia Laws 1903, p. 90).

Accusation of misdemeanor, from city court of Elberton—Judge Proffitt. November 11, 1908.

Submitted January 13,—Decided January 27, 1909.

*C. P. Harris,* for plaintiff in error.

*Thomas J. Brown, solicitor,* contra.

POWELL, J.   The defendant was accused and convicted of cheating and swindling by procuring from the prosecutor certain advances upon a contract then and there made, whereby the defendant was to become a farm laborer. The ordinary elements of the offense were clearly made out. It was proved that the defendant procured the advances, that he promised to go to work at once and to work throughout a definite and fixed period, and that he did not go to work and did not repay the advances; it was also shown, even by his own admission, that at the time of receiving the ad-

vances he had no intention of doing the work, and that his failure to perform his contract was without excuse. The only troublesome point in the case is whether there is a variance between the pleading and the proof as to the nature of the contract under which the work was to be performed. The accusation alleged that by the contract the defendant was to receive monthly wages throughout the period named in the contract, of $12 per month. The prosecutor, testifying as to the contract, stated that, in addition to the stipulation as the wages of $12 per month, he was also to feed the defendant. The case of *Chapple* v. *State,* 126 *Ga.* 638 (55 S. E. 471), is cited. In that case the conviction was set aside because of a variance between the allegation and the proof as to the contract; and in that case, as in this, the accusation alleged a given rate of wages, and the proof showed that rate plus his food; but upon a close reading of the decision, we do not think this is the variance to which the court refers. The contract there alleged was an agreement to work until a sum of $110 *procured under the contract* was repaid; the proof showed an agreement to work until he paid $110 as a consideration of the prosecutor's paying $75 as a fine which had been imposed on his (the defendant's) wife; and this is the variance which we think the court had in mind. In prosecutions under this statute, the indictment or accusation must allege a definite contract, and the proof must support the allegation. Nevertheless, we do not understand that this rule requires that all the incidental details of the matter shall be set forth. Under the system of hiring farm labor as it almost universally prevails in this State, the farmer feeds the laborer, and the feeding is a mere incident, such as an agreement that the laborer might use a certain house or ride a certain mule, or have Saturday afternoons off, and things of that kind. Sometimes, it is true, the laborer feeds himself, and the farmer adds to his wages on that account, but this is not the general rule. We think, therefore, that the question as to who shall pay for the laborer's food is not such a material part of the contract of employment, considered from the standpoint of a prosecution for cheating and swindling, as to make a failure to allege it fatal to the indictment, or to create a variance where no reference is made to this question in the pleading, and the proof discloses an agreement on the subject. *Judgment affirmed.*