## GRESHAM v. CONNALLY.

In a suit by a real estate agent to recover commissions from his principal, it was sufficient, to make out a prima facie case for recovery, for the plaintiff to show that he was employed by the defendant to sell land in which the latter owned an interest, that he procured a customer ready and able to buy, and that the defendant interfered and completed the sale himself without the intervention of the agent.

Submitted February 13, — Decided March 11, 1902.

Complaint. Before Judge Reid. City court of Atlanta. March 22, 1901.

*H. M. Patty*, for plaintiff: Ordinarily a real estate broker earns his commission when he finds a customer ready, able, and willing to buy on the terms stipulated. Civil Code, § 3015; 71 *Ga.* 608; 73 *Ga.* 295; 80 *Ga.* 566, 568; 88 *Ga.* 321; 92 *Ga.* 508; 96 *Ga.* 518; 100 *Ga.* 563; 68 Pa. St. 42; 21 Barb. 145. If the agent here had any further duty to perform, it was waived when the defendant agreed to go with him and the customer to look at the property, and then took the customer himself and closed the sale. 73 *Ga.* 295; 1 Am. R. 49; 66 Pa. St. 42; 21 Barb. 145; 36 Conn. 136; 53 Ark. 41. The fact that the property was not in the defendant's name does not change his liability. When he accepted the purchaser and took the matter out of the hands of the plaintiff, he became liable for the commission. Mechem, Ag. §§ 958, 957; 48 *Ga.* 96; 71 *Ga.* 255; 94 Am. Dec. 324; 68 Pa. St. 42; 4 Am. & Eng. Enc. L. 979. Liable even when he acts without authority: Mechem, Ag. § 959; Civil Code, §§ 3024, 3025, 3029, 3041. Especially is this true when plaintiff's services were retained and accepted in helping to bring the parties together after defendant took the customer to see the property. Plaintiff was not told that he would not be paid, until after the trade was closed and his services received. Code, § 3019; 14 *Ga.* 124; 24 *Ga.* 607; 52 *Ga.* 41 – 45. Silence amounts to ratification. 52 *Ga.* 41; 53 *Ga.* 315, 318, 148; 39 *Ga.* 590. Relates back to time of ratification. 10 *Ga.* 362. Ratification is a question for the jury. 58 *Ga.* 564. The terms of sale were waived when plaintiff asked defendant for the price and terms, and defendant said they would take the customer out and locate him and sell him at one price if another did not suit. If not, usage would govern. Mechem, Ag. §§ 963 – 966. It was

certainly waived when defendant took charge of the customer. Authorities cited supra. Property may be placed in the hands of an agent by implication, and no particular form of words is necessary for that purpose. 4 Am. & Eng. Enc. L. 270; Mechem, Ag. § 966; 69 Iowa, 509, 51; 140 Mass. 339; 68 Pa. St. 42. Principal can not step in and take purchaser and thereby defeat agent's commission. Mechem, Ag. § 967; 83 N. Y. 376; 140 Mass. 339; 73 *Ga.* 295. If agent introduces purchaser or discloses his name to principal, and through the introduction or disclosure negotiations are begun and a sale made by principal, the agent is entitled to his commission. 51 N. Y. 124; 53 Ark. 49; 4 Am. & Eng. Enc. L. 977. A broker is entitled to pay for services rendered, even on quantum meruit. 22 Neb. 174; 87 Cal. 251; 21 *Ga.* 157; 8 *Ga.* 190; 108 *Ga.* 242; Civil Code, § 4936. Defendant employed plaintiff, who procured the purchaser and introduced him to defendant; and plaintiff looked only to defendant for compensation, and was not directed to look to any one else, and no one else was known to plaintiff in the transaction. Civil Code, §§ 3041, 3039, 3025; 71 *Ga.* 254; 92 *Ga.* 508. When a sale is effected through efforts of the broker or through information derived from him, so that he may be said to have been the procuring cause of it, the law leans to that construction which will secure the payment of his commissions, rather than the contrary. 32 Wis. 244, 350; 46 Mo. 555; 36 Conn. 136; 52 Mo. 249.

*Rosser & Carter* and *S. N. Connally,* for defendant.

LEWIS, J. This was a suit for commissions on a sale of land, brought by Gresham, a real estate agent, against Connally, his principal. No demurrer was filed to the petition, and the case proceeded to trial. At the conclusion of the plaintiff's evidence the court, on motion, granted a nonsuit, and the plaintiff excepted. It appeared that Connally had placed in Gresham's hands for sale a piece of property owned by him near East Point, in Fulton county. Gresham found a party who was desirous of buying land in that locality upon which to erect a cotton factory; whereupon he immediately notified Connally. Upon ascertaining the purposes for which the prospective purchaser desired the land, Connally said to Gresham: "I am interested in a number of other pieces down there, Gresham. If this piece of property don't suit him, we will sell him anyhow. Take him down and locate him." It was then

agreed that on the day following, Connally, Gresham, and the prospective purchaser should go together to look at the property. Before terminating the interview, Gresham, at Connally's request, told him the name of the person to whom he expected to sell the property, and Connally replied that he would go over and see him personally in regard to the matter. On the following day, at the appointed time, Gresham communicated by telephone with this person, and learned that he had already been to see the property in company with Connally. The negotiations for the sale of the land were protracted for a considerable period, during which time Gresham made frequent visits to the prospective purchaser, and used every effort to induce him to buy the land in question. Finally, without consulting Gresham or notifying him of his intentions, Connally sold this customer a piece of land near East Point and in the neighborhood of the property which he had originally placed in Gresham's hands for sale. The land sold was not the property of Connally absolutely, but was owned by the East Point Land Company, a corporation in which he was a director. Upon learning that the sale had been consummated, Gresham demanded of Connally the payment of his commissions, which was refused, and he brought suit.

Assuming, as we must, the truth of the plaintiff's evidence, the substance of which we have here set forth, there can be no doubt that a prima facie case for recovery was made out. The defendant in the first instance definitely employed the plaintiff to procure for him a purchaser for a specific piece of property. Had he stopped there, and the plaintiff brought him face to face with a party who purchased, not the property which was the subject of the employment, but a different piece, it is clear that there would have been no right of action for the agent's commissions. But upon learning that the prospective purchaser was anxious to buy near East Point, and evidently fearing that he might not be pleased with the particular land which had been placed in the plaintiff's hands for sale, the defendant in effect said to the plaintiff: "I now employ you to sell to this man any piece of property situated near East Point in which I have an interest." It makes no difference that the land actually sold was not the absolute property of the defendant. He owned an interest therein, and his employment of the plaintiff was in his own name and not that of the corporation which

held the legal title to the land. He expressly rendered himself liable upon his verbal contract with the plaintiff, whose services in procuring him a purchaser for the land inured to his benefit as a stockholder in the corporation which owned it. There can be no question as to his power thus to render himself liable, although he did not own the fee to the property which he employed the agent to sell. See Mechem, Agency, §§ 957 – 959. It is well settled that where a broker employed to negotiate a sale procures a customer ready and able to purchase upon terms satisfactory to the principal, the principal can not defeat the broker's right to commissions by taking the proceedings out of the hands of the broker and completing the sale himself. 4 Am. & Eng. Enc. L. (2d ed.) 979; Mechem, Agency, § 967. In the case of *Davis* v. *Morgan,* 96 *Ga.* 518, this court held that in a suit for commissions by a real estate agent, while it was incumbent on the plaintiff to show that he had procured a person ready, willing, and able to purchase on the terms prescribed by the defendant, yet if the plaintiff in fact procured a person who was recognized, either expressly or tacitly by the defendant as answering all these requirements, and the failure to complete the sale was due solely to the defendant's inability to make a good title to the land, the plaintiff would be entitled to his compensation as if the sale had actually taken place. See, also, *Doonan* v. *Ives*, 73 *Ga.* 302; *Fenn* v. *Ware*, 100 *Ga.* 563. In the present case, the plaintiff showed that he was employed by the defendant to sell any one of a number of pieces of real estate; that he procured a purchaser ready and able to buy, and who actually did buy one of the pieces in question; that the negotiations for the sale of the land were set on foot through his efforts; that he performed every service required by his employment which it was possible for him to perform; and that the failure on his part to personally consummate the trade with the purchaser was due to the interference of the defendant. This evidence made out a prima facie case for recovery, and the court consequently erred in granting a nonsuit.

*Judgment reversed. All the Justices concurring, except Little, J., absent.*