## KIDMAN v. HOWARD.

Defendant empowered plaintiff to sell certain land described "until sold," and agreed to help find a buyer, and sell to the first person offering the price specified. The contract also provided that when a purchaser was

secured at that price or any other which defendant would accept, he would pay plaintiff a commission equal to $1.25 per acre. Held, that such contract did not give plaintiff an exclusive power of sale, but that such power was limited to the making of·a sale before the property should be sold either by defendant or through another agent.

(Opinion filed June 11, 1904.)

Appeal from circuit court, Spink county; Hon. J. H. Mc-Coy, Judge.

Action by Frank Kidman against R. A. Howard. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*N. P. Bromley,* for appellant.

*E. W. Fiske,* for respondent.

CORSON, P. J.    This is an appeal from a judgment entered upon a directed verdict in favor of the defendant and from an order denying a new trial.    The action is based upon two contracts, one of which is as follows:  ''F. W. Kidman, has the right to sell the east ½ of section 33, twp. 115, range 64, in Spink county, S. D., until sold for $3,400, payable $400 on date of sale, $1,500 in sixty days thereafter, and balance to suit purchaser.    I will myself help to find a buyer, and sell same to the first person offering me the above price.    When a purchaser therefor is secured at the above price, or any other that I will accept, I am to pay said Kidman $1 25 per acre commission, and all that it is sold for over first named sum.    Said Kidman will act as agent and include farm in his circulars.    R. A. Howard, F. W. Kidman.''    Dated April 8th, 1902.    The other contract was similar, except the description of the property and price.    The contracts were executed by the respondent, and delivered to the agent of the appellant, and were subsequently executed by the appellant, but he gave no notice to the

respondent that he accepted or had executed the same. The appellant on or about the 12th day of May, 1902, procured a purchaser ready, willing and able to take the property upon the terms specified in the two contracts, and immediately notified the defendant of that fact, and requested him to execute a deed to such purchaser. The defendant, however, had some three days previously sold the property through another agent, and had conveyed the same to the purchaser, and he therefore refused to comply with the request of the plaintiff to convey the property to the purchaser produced by him, and also refused upon demand to pay the plaintiff the commission stipulated in the contracts.

It is contended by the appellant that under the terms of the contracts he is entitled to the commission specified therein notwithstanding the property was sold by the respondent, through another agent, prior to the time appellant produced a purchaser. The respondent insists in support of the direction of the verdict by the court below that, as he was never notified that appellant had accepted or executed the contracts, they were not binding upon him, and that the time in which the plaintiff had to sell the property was limited, and that when the property was sold by the respondent through another agent, and had been conveyed by him, the contract with the appellant was terminated, and he, therefore, had no claim upon the respondent for the commission specified in the contracts. The contracts, as will be observed, are peculiar, and are somewhat ambiguous. It will be noticed that the appellant is not given the exclusive right of sale, and that his time is limited by the clause "until sold." Construing all the provisions of the contracts together, it was evidently the intention of the parties

that the appellant should have the right to sell the property if the same could be disposed of by the appellant before it should be disposed of by the respondent through another agent, and in such case, and a purchaser was found, appellant would earn and be entitled to a commission. But if the property should be sold before the appellant had procured a purchaser he would have no claim upon the respondent for his commission. The clause, therefore, "I will myself help find a buyer, and sell the same to the first person offering me the above price," must be construed to mean that the respondent would sell the same to the first person brought to him by the appellant offering the above price before the same should be sold by the respondent; and the clause, "when a purchaser therefor is secured at the above price or any other" that the respondent will accept, he to pay, etc., must be construed as meaning a purchaser secured by the appellant prior to the sale of the property to any other person. Among other rules respecting the construction of contracts, the Code provides, "A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful." And "the whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others." And "particular clauses of a contract are subordinate to its general intent." Sections 1245, 1250, 1259, Civ. Code. Certainly it could not have been the intention of the respondent, and the appellant could not have understood that it was respondent's intention, to pay the appellant a commission when the respondent should have sold the property through another agent before the appellant had procured a purchaser for the same. An

interpretation of the contract that would lead to such a result would evidently be disregarding the intention of the parties. It is not reasonable to presume, and it would not be a fair interpretation of the contracts to hold, that the plaintiff was to receive a commission on the sale of the property made by the defendant through another agent prior to the time the plaintiff had procured a purchaser ready, willing, and able to take the property at the price named within the time limited. If the property had been listed with the appellant with the exclusive right of making the sale within a definite time fixed by the contract, and he had procured a purchaser ready, willing and able to take the property at the price named within the time limited, then the plaintiff would undoubtedly have been entitled to his commission although the defendant had previously disposed of the property; and in the case at bar, had the plaintiff procured a purchaser before the sale had been made by the defendant and the defendant had refused to convey the property, he would have been entitled to his commission. Scott v. Clark, 3 S. D. 486, 54 N. W. 538. But, failing to produce such purchaser before the sale was actually consummated by the respondent, his right to a commission was terminated. Giving, therefore, to the contract the interpretation which seems to us to be the proper one, the plaintiff had no right of action, and the court was clearly right in directing a verdict in favor of the defendant.

The views herein expressed render it unnecessary to determine on this appeal the question as to whether or not the contract became binding upon the parties without notice to the respondent that the appellant had accepted or executed the same.

The judgment of the court below and order denying a new trial are affirmed.