## 2096. GRAVES *v.* HUNNICUTT.

RUSSELL, J. 1. It was error to award a nonsuit. There was some evidence from which a jury would have been authorized to infer that the plaintiff, as a real-estate broker, was the procuring cause of the sale of the defendant's property, although the sale was actually effected for a lower price than the broker was authorized to offer and the deal was finally closed by another real-estate agent. *Hill* v. *Wheeler, 2 Ga. App.* 349 (58 S. E. 502).

2. The testimony of the plaintiff that negotiations between himself and the purchaser had not been terminated should have been submitted to the jury; and it was for the jury to say whether the services rendered by the plaintiff as a broker were the prime cause of inducing the purchaser to buy.

3 That a broker was not given the exclusive sale of the property, and that the owner, either by himself or through another agent, made the sale before the termination of the broker's authority to sell, will not defeat the broker's right to commissions, if he was the procuring cause of the sale and if the only other cause which induced the purchase was a reduction of the price.  *Judgment reversed.*

DECIDED JULY 25, 1910.

Complaint; from city court of Atlanta—Judge Reid. June 16, 1910.

*Burton Cloud, George Gordon,* for plaintiff, cited 2 *Ga. App.*
349, 5 *Ga. App.* 340; 71 Conn. 597, s. c. 44 L. R. A. 321, and note.

*Charles A. Reid,* for defendant, cited 73 *Ga.* 295 (1*a*), 301 and
cit.; Civil Code of 1895, § 5437.