### 3389.   MOORE *v.* MAY.

An owner of real estate, by employing an agent to effect the sale thereof under a written contract under seal, does not preclude himself from selling it, provided he makes the sale in the utmost good faith, without any purpose to defraud the agent of his right to commissions under the contract. The fact that the contract provides that the agency created thereby is irrevocable for the term of three months is not of itself sufficient to prevent the owner from himself selling the property within that time, if he does so, as above stated, in the utmost good faith, to a person with whom the agent has had no prior negotiations relating to the sale or purchase of the property.

DECIDED DECEMBER 19, 1911.

Complaint; from city court of Nashville—Judge Buie.   April 12, 1911.

*Hendricks & Christian,* for plaintiff.

*J. P. Knight, W. G. Harrison,* for defendant.

HILL, C. J.   The sole question in this case arises on the following contract: "Georgia, Berrien County.   Know all men by these presents, that I have this day appointed J. W. Moore my agent to negotiate the sale of the following lands [described].   I obligate myself to make warranty deeds to said lands to any party named by my said agent upon the payment of $700, payments to be made as follows: $100 cash; balance $100 quarterly at 8 per cent. interest from date.   And I allow my said agent $100 as a remuneration for his services and expense in getting purchaser— all amounts he or they, the said agent, may contract for over and above the sum of $700.   This agency is created for the term of

three months, and is irrevocable. Witness my hand and seal this, the 4th day of April, 1910. [Signed] C. D. May. (Seal.)"

Moore brought suit against May to recover his commission as real-estate broker under the terms of this contract. He alleges, that he found and obtained a purchaser for the lands described in the contract, who was willing, able to buy, and desirous to purchase said lands upon the terms and conditions set forth in the contract, and that the defendant was requested to execute a deed to the pur-. chaser named and he (plaintiff) tendered to the defendant the net purchase-price for which the defendant had agreed to sell the described real estate, within the time designated by the contract; that the defendant refused to execute a deed to the purchaser,. and refused to pay plaintiff his commission. He further alleges that the defendant, after making this contract and within three months from the making of the same, himself sold the described lands "to another party other than petitioner or any party named. by him." The trial judge sustained a general demurrer, and dismissed the petition, and this judgment is here for review.

Section 3587 of the Civil Code (1910) contains the following language: "The fact that property is placed in the hands of a broker to sell does not prevent the owner from selling, unless otherwise agreed." It is insisted by the plaintiff that the contract was in terms exclusive and was substantially an agreement that the owner of the property who made the contract relinquished abso-lutely to the real-estate broker, for the term of three months, his right to sell the real estate. In support of this contention this clause in the contract is relied upon: "This agency is created for the term of three months, and is irrevocable." It is said that the word "irrevocable" is equivalent in meaning to the word "exclu-sive," and that the intention of the maker of the contract, in the use of this word, was to give to the agent or real-estate broker, for the three months, the sole right to sell the real estate; that neither the owner of the real estate nor any other agent had the right during the three months to make a sale of the real estate that would prevent the broker from recovering his commission.

We do not agree with this construction of the language of the contract. The word "irrevocable" simply means that the agent would have the three months in which to make the sale on the terms stipulated, and that during three months the agency was,

not revocable by the maker of the contract, and possibly that during the three months no other agent or real-estate broker would have the right to sell the real estate described in the contract. We do not think that the language relied upon is sufficient to constitute an agreement surrendering the owner's right to sell his property himself. The statute gave him this right, unless by contract it was otherwise agreed. And the mere stipulation that the contract of agency was irrevocable was not sufficient to prevent the owner from the exercise of his right as owner to make a personal sale of his property. In the case of Kidman v. Howard, 18 S. D. 161 (99 N. W. 1104), it was held that a contract conferring agency to sell real estate, which contained the clause that the agency was to exist until the property therein described was sold by the agent, did not exclude the right of the owner of the real estate personally to make a sale of the property; and it has been frequently held that the owner of real estate, by employing a real-estate agent or broker to effect the sale of property, does not preclude himself from employing other agents for the same purpose, or from effecting a sale himself, provided that in making the sale himself he acts in good faith; "good faith" meaning that the owner would not be allowed, after making a contract with a real-estate broker, to avail himself of the broker's services, where the broker had procured a purchaser, and to effect the sale himself, thereby depriving the broker of his commission. The agent is entitled to his commission "when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Civil Code (1910), § 3587. But if, before the broker finds a purchaser, the owner himself sells the property to a person with whom the broker has had no negotiations relating to the property, and the broker has had nothing to do with procuring the purchaser to whom the owner has sold, and the owner has acted entirely in good faith, and not endeavored in any manner to defraud the broker in reference to the contract, the agent would not be entitled to his commission. *Gresham* v. *Connally*, 114 *Ga.* 906 (41 S. E. 42); Mechem on Agency, § 967.

In this case there is no allegation of bad faith of the owner of the property in connection with the sale. On the contrary, it is alleged that the owner sold the property to another party, and not to the party found or named by the broker. We therefore conclude that the judgment of the lower court must be *Affirmed.*