9568. CASE THRESHING MACHINE COMPANY *v.* BINNS.

JENKINS, J. 1. It appearing, from the evidence, that the witness for the defendant did not himself sell to the plaintiff the items attempted to be set off and shown in the itemized statement attached to his interrogatories, that he had no personal knowledge of such items, and that his only knowledge of the correctness of the account was derived from the books of the company alone, the correctness of the account was not sufficiently proved, and the court did not err in excluding the itemized statement. *Dougan* v. *Dunham*, 115 *Ga.* 1012 (42 S. E. 390); *Swift* v. *Oglesby*, 8 *Ga. App.* 540 (70 S. E. 97).

2. The only living subscribing witness to the contract introduced by the defendant not having been produced, the mere statement of counsel for the defendant, not under oath, that the witness was no longer in the employ of the defendant, and that he did not know where to look for him, was not a sufficient showing that the witness was inaccessible, and

the court did not err in refusing to admit the contract in evidence. *Dunaway* v. *Virginia-Carolina Chemical Co.,* 142 *Ga.* 383 (82 S. E. 1071).

3. Ordinarily an agent to sell earns his commission only when he finds a customer ready, able, and willing to buy on the terms stipulated by the principal (Civil Code of 1910, § 3587; *Harvil* v. *Wilson,* 11 *Ga. App.* 156 (74 S. E. 845); but the principal can not, with knowledge of the negotiations between the purchaser and the agent, and while such negotiations are still pending, defeat the right of the agent to recover such commission by interfering with and himself completing the sale of which the agent was the procuring cause. *Doonan* v. *Ives,* 73 *Ga.* 295; *Gresham* v. *Connally,* 114 *Ga.* 906 (41 S. E. 42); *Hill* v. *Wheeler,* 2 *Ga. App,* 349 (58 S. E. 502); *Graves* v. *Hunnicutt,* 8 *Ga. App.* 99 (68 S. E. 558).

4. There was sufficient evidence to authorize the jury to find that the plaintiff was the procuring cause of the sales on which he claimed commissions, although the sales were actually consummated by the defendant company itself, acting through its other agents, while negotiations between the purchaser and the plaintiff were still pending; and the evidence authorized the verdict against the defendant, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*

DECIDED NOVEMBER 12, 1918.

Complaint; from city court of Washington—Judge Wynne. February 8, 1918.

*W. A. Slaton,* for plaintiff in error.

*Colley & Colley,* contra.