## 11807.　CORKER v. SIMMONS.

A real-estate agent's commission on a sale of land made by the owner to another was not recoverable by the agent, under the allegations of the petition.

DECIDED MARCH 16, 1921.

Complaint; from Laurens superior court — Judge Kent. July 30, 1920.

Simmons sued for a sum alleged to be due him as a commission on the sale of certain real estate owned by the defendant, Corker, in Dublin, Ga., alleging that Corker employed him as agent to negotiate the sale of this real estate and to assist in disposing of it at stated prices, and agreed to pay him stipulated commissions for his services; that "in pursuance of said contract he immediately went to work, in good faith and for the promised consideration, to sell said property and approached some prospects, chief among whom were T. A. Curry and F. J. Schiff, and succeeded in interesting said prospects in the purchase of said property, thus creating, by his efforts under the contract, a demand for said property, making it possible to sell the same on account of petitioner's negotiations and experience in the sale of real estate in the city of Dublin;" that "as a direct result and consequence of his personal negotiations" Corker "did consummate a trade for the sale of said property to Dr. W. R. Brigham," and that the sale of the property by Corker to Brigham was "a result of the efforts of agitation and conduct of your petitioner in seeking to sell said property, and that as a result . . Corker got the immediate benefit of petitioner's labors in the sale of said property to Brigham, as it required no effort on the part of the said Corker to sell said property to the said Brigham, but was merely the consummation of a contract and deal resulting directly and immediately from labors performed by your petitioner pursuant to the contract with the defendant to sell said property, the said labors performed being negotiations with the said Curry and the said Schiff and others, and thus creating a demand for said property, the demand thus created having interested the said Brigham, the said Brigham having become interested as a direct result of the demand thus created."

A general demurrer to the petition was overruled, and the defendant excepted.

*Larsen & Crockett,* for plaintiff in error.

*J. S. Adams, R. Earl Camp,* contra.

HILL, J.  By authority of the decision of this court in *Moore* v. *May,* 10 *Ga. App.* 198 (73 S. E. 29), and section 3587 of the Civil Code of 1910, the judgment overruling the demurrer to the petition is reversed.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*