### 12693. WASHINGTON v. JORDAN.

HILL, J. 1. A recovery on a quantum meruit for commissions on the sale of real estate was authorized by the evidence.

2. Ordinarily, when one renders services valuable to another, which the latter accepts, a promise to pay the reasonable value thereof, is implied; and in such case it is not necessary to prove an express promise to pay for such services. Civil Code (1910), § 5513; *Williamson* v. *Martin*, 19 *Ga. App.* 425 (91 S. E. 510).

3. While the owner of real estate, by employing an agent to perfect the sale thereof, does not preclude himself from selling it, yet the owner must act in the utmost good faith with the agent, without any purpose of depriving him of his right to commissions for his services. *Moore* v. *May*, 10 *Ga. App.* 198 (73 S. E. 29). And the owner cannot sell to the agent's customer and thus prevent the agent from receiving his commission. *Gresham* v. *Connally*, 114 *Ga.* 906 (41 S. E. 42).

4. Where a broker has been instrumental in procuring a purchaser, he is entitled to his commission notwithstanding that the owner consummated the actual sale to the purchaser procured by the broker. Civil Code (1910), § 3587; *Graves* v. *Hunnicutt*, 8 *Ga. App.* 99 (68 S. E. 558).

5. There was no error in the exclusion of the question propounded on cross-examination, as to whether the plaintiff had registered as a real-estate agent, under § 971 of the Civil Code of 1910. Even if it was error, the error was cured by subsequently introducing in evidence his license as a broker, duly issued.

6. Under the facts of the case there was no error in excluding the answer to the question propounded by counsel for the defendant to the purchaser of the property, referring to the broker who had procured the sale, " Were you influenced by Mr. Jordan in the purchase of this property?" The case of *Doonan* v. *Ives*, 73 *Ga.* 295, relied upon by the plaintiff in error, is distinguished from the present case. In that case the owner of the real estate had testified that she did not know that the plaintiff, as a real-estate agent, had been employed to sell her property, and this statement was corroborated by other evidence. Here the evidence was undisputed that the plaintiff, as broker, was employed by the defendant to sell the property, and had actually carried on negotiations for that purpose with the person who subsequently purchased the

property from the owner. Under these facts an answer by the purchaser that the broker had not influenced him in the purchase of the property would have been simply an opinion without probative value.

7. The law of this case is well settled and is this: If under his contract with the defendant the plaintiff performed work and rendered services in compliance with the contract, whether express or implied, and procured, as a result of his services, a customer for the property in question, and the owner, having information that the broker was negotiating with the customer, did himself as owner sell the property to the customer so procured by the broker, although with some modification of the terms on which the authority to sell the property had been given by the owner to the broker, the owner could not thereby defeat the payment of the broker's commission. This would be a fraudulent taking advantage of the broker's labor without paying for it. *Doonan* v. *Ives, supra.*

8. No error of law appears, and the judgment overruling the motion for a new trial is affirmed. The motion to assess damages for bringing the case to this court for the purpose of delay (Civil Code of 1910, § 6213) is denied.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
DECĪDED DECEMBER 14, 1921.

Complaint; from Fulton superior court — Judge Pendleton. June 14, 1921.

*Brewster, Howell & Heyman, Hugh Howell, W. P. Bloodworth,* for plaintiff in error.

*Westmoreland & Smith,* contra.