### 14503.   WILCOX *v.* WILCOX.

BELL, J.   1. Brokers in whose hands property is placed for sale, in order to earn commissions on account of the sale of such property, must either have sold it or have been the procuring cause of the sale. *Doonan* v. *Ives*, 73 *Ga.* 295 (1); *Graves* v. *Hunnicutt*, 8 *Ga. App.* 99 (68 S. E. 558).

2. Where property placed in the hands of a broker for sale is subsequently sold by the owner, the broker is entitled to the commission if he was the procuring cause of the sale, although the sale was actually consummated by the owner. *Hardin* v. *Stansel*, 13 *Ga. App.* 22 (1) (78 S. E. 681); *Case Threshing Machine Co.* v. *Binns*, 23 *Ga. App.* 46 (3) (97 S. E. 443).

3. In determining whether a broker has earned his commission for procuring a purchaser, it is not necessary that his services shall have been the sole cause, but it is enough if the efforts of the broker, acting on the purchaser, are the efficient cause of his offer. *Handley v. Shaffer*, 177 Ala. 636, 648, 59 So. 286; *Edwards* v. *Andrews*, 24 *Ga. App.* 645 (1) (101 S. E. 775).

4. Although in the instant case it appears, without dispute, that the purchaser had been interested by the principal in the property before the latter placed it in the hands of the broker, and that the purchaser would have bought it already except for his financial inability, unless he could sell certain property of his own, the testimony of the broker in regard to the services performed, and that when the property was listed with him he stated to the defendant that he believed he could sell it to this particular person, referred to above as the purchaser, to which, as was inferable from the evidence of the plaintiff, the defendant interposed no objection but tacitly agreed,—taken together with the testimony of the purchaser, admitted without objection (see *Doonan* v. *Ives*, supra; *Washington* v. *Jordan*, 28 *Ga. App.* 18, 109 S. E. 923), that the efforts of the plaintiff were the cause of his purchase, and that his prior negotiations with the owner had been terminated,—"were off,"—was sufficient

to support the finding of the jury that efforts of the plaintiff were the procuring cause of the purchaser's offer.

(a) We rule as above without regard to any service by the plaintiff to the purchaser in selling the property of the latter, for an independent commission, by which the purchaser was rendered able to buy from the defendant.

5. Irrespective of whether a broker who has procured a purchaser on terms named by his principal, who has consummated the sale in ignorance of the broker's having found the purchaser or having induced him to make the purchase, is entitled to his commissions, when the broker "has had an opportunity to inform his principal of his efforts and the name of the purchaser, but has failed to so inform him" (see on this question, *Doonan* v. *Ives*, supra; *Washington* v. *Jordan*, 28 *Ga. App.* 18 (7), 109 S. E. 923; *Indiana Fruit Co.* v. *Sandlin*, 125 *Ga.* 222 (2); 9 C. J. 621, 100; 4 R. C. L. 321, 58 and citations), the inference was warranted by the evidence here that if the broker did not so inform his principal, he attempted in good faith to do so, and failed,—that he did not have an opportunity to inform his principal before the latter had consummated the sale, and that if the broker was authorized as claimed, no injury resulted to the defendant from the want of the information.

(a) Furthermore, "a witness may be impeached by disproving the facts testified to by him" (see Civil Code of 1910, § 5580, which perhaps would not be inapplicable in any case where the testimony was in conflict, —*Southern Ry. Co.* v. *O'Bryan*, 119 *Ga.* 147 (2), 150, 45 S. E. 1000); and, the testimony of the plaintiff and that of the defendant being sharply in conflict in regard to the making of the contract and in other material respects, the jury, having accepted the testimony of the former as to the other matters, could have disregarded the testimony of the latter that he was not so informed, when an opposite conclusion was warranted by the circumstantial proof,—namely, the fact, testified to by the plaintiff, that as soon as he had procured the purchaser he attempted to notify the defendant, but, on being informed by his wife over the telephone that her husband was not at home, requested her so to notify him upon his return, and the further fact that on the following day the defendant proceeded to close the deal, it not otherwise appearing how the defendant and the purchaser came together.

6. No error of law is complained of, and, while the case is exceedingly close upon its facts, this court cannot say that the verdict found for the plaintiff is unsupported by any evidence, nor, therefore, that the presiding judge abused his discretion in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 11, 1923.

Complaint; from city court of Douglas—Judge Henson.   March 3, 1923.

*McDonald & Willingham,* for plaintiff in error.

*Quincey & Rice, Levi O'Steen,* contra.