29015. VAUGHN *v.* CLEMENTS.

DECIDED SEPTEMBER 22, 1941.

*H. H. Anderson, D. W. Mitchell, W. M. Henderson,* for plaintiff in error.

*W. B. Robinson,* contra.

SUTTON, J. John W. Clements sued J. B. Vaughn to recover the sum of $83.75 as a five per cent. commission on the sale of a certain tract of land of the defendant to Mrs. George Ledford. A judgment was rendered in the justice court in favor of the plaintiff for the amount sued for; and, on appeal in the superior court, a verdict was rendered in favor of the plaintiff for $70. The exception here is to the judgment overruling the defendant's motion for new trial, which contained only the general grounds.

The evidence was substantially as follows: Clements, the broker, testified that he and Vaughn entered into a verbal agreement whereby he was to sell or find a buyer for a certain tract of land owned by Vaughn at the price of $1500, and Vaughn was to pay him a commission of five per cent. thereon; that he found a customer, Mrs. Ledford, interested her in the property, and that she was ready and willing to buy the property at the price above stated, but wanted to trade her farm for it, or sell her farm so that she could pay for the Vaughn place. Vaughn was not willing to take

Mrs. Ledford's property in a trade for his, and the plaintiff then undertook to sell Mrs. Ledford's place so that she could purchase the Vaughn land. The transaction between the parties had been pending for several months when Vaughn, Clements, and Mrs. Ledford had a conference about the matter in October, 1939. Prior to their meeting at that time, but on the same day, Vaughn told Clements that the price of his property was $1800; this caused a controversy between them, Clements contending that Vaughn had authorized him to sell the property at $1500, and that he had gone up on the price to beat him out of his commission, and he told Mrs. Ledford that Vaughn had gone up on the price to $1800, and she replied that she thought she could buy it for $1550. As to that conference between the plaintiff, the defendant, and the buyer, Clements testified in part: "I told him to go ahead and sell to her; she was my client; that I had found her as my client and that she had come there to purchase the place; she was working there and was ready to buy the place as soon as she could dispose of hers. At the time I told Mr. Vaughn I was forever done with him from that time on. I says, 'I am through with you from here on.' As to whether or not at that time I told him that I expected him to pay me my commission on the sale I had made, well, I says, I says, 'You go ahead and close it up and pay me my commission, and I am through with you from here on.' In other words, I wasn't going to tend to any business transactions with him from then on." Mrs. Ledford testified that the conference between her and the plaintiff and the defendant was had at her request; that the plaintiff "said to Mr. Vaughn, 'I am done with you.' Yes, he did say that he was through with Mr. Vaughn after my buying his place, that after I bought that their dealings was through hereafter. Yes, it was some time after that when I closed the deal with Mr. Vaughn, a few days." She also testified: "As to how come me to buy that piece of property, well, Mr. Clements showed me the property. I suppose I was Mr. Clements' customer. As to whether or not if it hadn't been for Mr. Clements whether I would have bought this property, no, sir, I wouldn't know anything about it. In other words, Mr. Clements came to see me, and I went to see the property, and finally the trade was consummated. I would say that Mr. Clements was the cause of my buying that place, because I wouldn't have known anything about it except through him."

The defendant testified that he did not authorize the plaintiff to sell his place at $1500, but did tell him that he would pay him a commission of five per cent. if he brought him a customer or sold it for $1800 cash; that the defendant sold his place to Mrs. Ledford for $1675 some time after their conference with Mrs. Ledford when the plaintiff told the defendant he was through with him. "This was after Mr. Clements told me he was through with me from here on, and I thought turned my place loose."

"In order for a broker to earn a commission on account of the sale of property, he must either have sold it or been the procuring cause of the sale. The owner may sell the property, and if he does not use the broker's labor to help in the sale, he owes the broker nothing, but if a purchaser procured by the broker buys from the owner, even at a less price than that given the broker, the owner would be liable for the broker's commission if the broker's effort was the procuring cause of the sale." *Edwards* v. *Andrews Brothers,* 24 *Ga. App.* 645 (101 S. E. 775). See also *Doonan* v. *Ives,* 73 *Ga.* 295; *Case Threshing Machine Co.* v. *Binns,* 23 *Ga. App.* 45 (3) (97 S. E. 443). "Where property placed in the hands of a broker for sale is subsequently sold by the owner, the broker is entitled to the commission if he was the procuring cause of the sale, although the sale was actually consummated by the owner [citing]. In determining whether a broker has earned his commission for procuring a purchaser, it is not necessary that his services shall have been the sole cause, but it is enough if the efforts of the broker, acting on the purchaser, are the efficient cause of his offer [citing]." *Wilcox* v. *Wilcox,* 31 *Ga. App.* 486 (2, 3) (119 S. E. 445).

But the plaintiff in error contends that he should not be held liable to the plaintiff for a commission in the present case, because the plaintiff had told him that he was through with him, and, as he thought, had turned his property loose before he (the owner) sold it to Mrs. Ledford. The evidence was in conflict in this respect. The plaintiff contended that the defendant interfered with his selling the property to Mrs. Ledford by raising the price, in order to keep from paying him a commission, and testified that he told the defendant that he could go ahead and sell the property to Mrs. Ledford and pay him his commission and that he was through with him from then on, and the plaintiff's testimony, in effect, was .

corroborated by that of Mrs. Ledford. The case of *Landrum* v. *Lipscomb-Ellis Co.*, 62 *Ga. App.* 649 (9 S. E. 2d, 205), cited and relied on by the plaintiff in error, is distinguishable on its facts from the present case. In that case it appeared from the uncontradicted evidence that the negotiations between the prospective purchaser and the broker had come to an end, and that the defendant had not at any time interfered with the efforts of the broker to effect a sale during the agency.

Under the law and the evidence the jury was authorized to find that the plaintiff was the procuring cause of the sale of the defendant's property to Mrs. Ledford, and that the plaintiff was entitled to a commission therefor. The court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*