### 45687. TIDWELL & YARBROUGH REALTY COMPANY et al. v. FOSTER et al.

JORDAN, Presiding Judge. Tidwell & Yarbrough Realty Company and one of its salesmen, Brown, sought damages from Foster and Short based on the loss of a commission on the sale of realty. Short and another purchased the property by dealing directly with Foster.

In Count I the plaintiffs claim that they were the procuring cause of the sale. In Count II they allege additionally a conspiracy between Foster and Short to deprive them of a commission.

The plaintiffs appeal from a judgment n.o.v. in favor of the defendants. *Held:*

1. "In order for a broker to earn a commission on account of the sale of property, he must either have sold it or [have] been the procuring cause of the sale. The owner may sell the property,

and if he does not use the broker's labor to help in the sale, he owes the broker nothing, but if a purchaser procured by the broker buys from the owner, even at a less price than that given the broker, the owner would be liable for the broker's commission if the broker's effort was the procuring cause of the sale. See *Doonan v. Ives,* 73 Ga. 295; *Case Threshing Machine Co. v. Binns,* 23 Ga. App. 45 (3) (97 SE 443), and cases cited." *Edwards v. Andrews Brothers,* 24 Ga. App. 645 (1) (101 SE 775). Also, see *Code* § 4-213.

It need not appear that the broker's effort was the sole procuring cause, but it is enough if it appears that it was an efficient cause. *Wilcox v. Wilcox,* 31 Ga. App. 486 (3) (119 SE 445).

2. A broker with whom property is listed for sale does not make out a case of procuring cause, however, by merely showing that he first located the ultimate purchaser, if it further appears that without interference by the owner he was unsuccessful in bringing about an offer which could be consummated, and that the sale was made after he had abandoned his effort. *Jordan v. Dolvin Realty Co.* 54 Ga. App. 472, 477 (188 SE 304); *Landrum v. Lipscomb-Ellis Co.,* 62 Ga. App. 649 (9 SE2d 205); *Crutchfield v. Western Elec. Co.,* 66 Ga. App. 161 (17 SE2d 246).

3. Whether the claim is in the nature of a breach of a contract between the seller and broker, or a claim in tort based on a conspiracy to deprive the broker of a commission, it must appear that the broker's effort was a procuring or efficient cause of the sale. *Woodall v. McEachern,* 113 Ga. App. 213, 221 (147 SE2d 659).

4. Applying the foregoing principles to the present case the evidence does not support a determination that the plaintiffs were the procuring or efficient cause of the sale by Foster to Short and another.

In the latter part of December, 1967, the owner Foster told Brown he could sell the property, to net him $100,000, keeping anything over this as a commission. Brown obtained an offer from Short and Reeves to buy the property for $110,000, subject to certain contingencies, and Foster accepted the offer on January 10, 1968. The written agreement provided for closing within 90 days after acceptance, and a real estate commission of $10,000,

payable to Tidwell & Yarbrough. On April 10, 1968, Foster agreed in writing to extend the closing date for 30 days, specified therein as on or before May 8, 1968. There is no evidence of interference by Foster, and apparently because of Short's inability to obtain satisfactory financing, the time for closing under this agreement expired, and no additional extension was obtained from Foster.

While the testimony is somewhat conflicting as to what took place thereafter between Short and Brown it appears to be undisputed that Brown was aware of the fact, as early as June, 1968, that Reeves was not an acceptable financial partner for Short, and that he could not close a deal between Short and Foster unless Short obtained financial assistance. Thereafter Brown refused to return Short's check for $1,000 which he had issued to Tidwell & Yarbrough as earnest money on the contract which had expired, Short admitted that thereafter he directed the bank to stop payment on the check. The check, as admitted in evidence, contains bank stamps indicating its return for insufficient funds and also because the drawer stopped payment.

It is clear from Brown's own testimony that although he was fully aware that Short was unable to purchase from Foster without financial assistance, and thus did not qualify as a ready, willing, and able purchaser during the term of the original contract which, as extended, expired in May, or for a considerable period thereafter, he never procured or attempted to procure anyone else to provide the essential financial assistance to Short to buy the property from Foster.

It further appears that Short, with the financial support of a new partner, Carroll, proceeded to deal directly with Foster. Short and Carroll entered into an agreement with Foster in September to pay $100,000 for the property, and close the sale on October 23, 1968.

6. Absent supporting proof that the plaintiffs were the procuring or efficient cause of the sale by Foster to Short and Carroll, the trial judge properly granted judgment n.o.v. for the defendants, and it is unnecessary to consider the specific reasons therefor appearing in the order.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*
ARGUED OCTOBER 5, 1970—DECIDED JANUARY 5, 1971—
REHEARING DENIED JANUARY 21, 1971—CERT. APPLIED FOR.

*Johnston & McCarter, Ralph E. Carlisle,* for appellants.
*Hurt, Hill & Richardson, Robert L. Todd, Robert M. McCartney,*
for appellees.