46287.   IDEAL REALTY COMPANY v. STORCH et al.

EVANS, Judge. Ideal Realty Company sued Marty Storch, Abe Konsker, John W. Stripling and Camellia Court Apartments, Inc. for damages. Plaintiff alleged that he entered into a contract with Camellia Court Apartments, Inc. for the sale of said apartments, and that he procured a purchaser, but that defendants conspired with each other to deprive and defraud him of his commissions on said sale, by dealings directly between Camellia Court Apartments, Inc. (the seller) and Marty Storch and Abe Konsker (the buyers) even though plaintiff had procured said purchasers and made them acquainted with the property and its desirable features. Plaintiff contends that although negotiations by him and his agents were the actual procuring cause of the sale, and consummated in the sale, that the seller and buyer refused to enter into a contract of sale through said plaintiff (broker), but consummated the sale between themselves, to the exclusion of plaintiff, although the final sale was the result and fruits of his labors, and that the purpose of the conspiracy was to avoid payment of lawfully-earned commissions by said plaintiff-broker. Defendants denied the material parts of the complaint.

On consideration of a motion for summary judgment, the defendant John W. Stripling, President of Camellia Court Apartments, Inc., was dismissed as a defendant, but the motion was denied as to the other defendants. The case proceeded to trial before a jury, and after hearing evidence, the lower court directed a verdict against the plaintiff. The appeal is from the judgment based upon the directed jury verdict. *Held:*

1. Where a broker has been the procuring cause of the sale, even though he has not sold the property, he may collect his commission thereon. *Graves v. Hunnicutt,* 8 Ga. App. 99 (68 SE 558); *Case Threshing Machine Co. v. Binns,* 23 Ga. App. 46 (3) (97 SE 443); *Edwards v. Andrews Bros.,* 24 Ga. App. 645 (101 SE 775); *Wilcox v. Wilcox,* 31 Ga. App. 486 (2) (119 SE 445); *Vaughn v. Clements,* 65 Ga. App. 823 (1) (16 SE2d 607); *Erwin v. Wender,* 78 Ga. App. 94 (2) (50 SE2d 244); *Gresham v. Connally,* 114 Ga. 906 (41 SE 42).

2. In determining whether or not a broker was the procuring cause of the sale where there is no exclusive contract to sell, it must be established that (1) the negotiations were still pending between the broker and the prospective purchaser; and (2) the owner was aware that the negotiations were still pending at the time he consummated the sale. See *Doonan v. Ives & Krouse,* 73 Ga. 295; *Kuniansky v. Williams,* 101 Ga. App. 678 (115 SE2d 204).

3. The evidence here shows that the plaintiff, by and through its licensed salesman, obtained an open listing in August, 1967, from Camellia Court Apartments, Inc., to sell the apartments for a stated sum. The plaintiff worked diligently for the balance of 1967, and in 1968, in attempting to negotiate and consummate a contract for the purchase and sale of said apartments by and between the parties. A salesman for the plaintiff testified that as late as June, 1969, one of the purchasers had requested him to call Camellia Court Apartments, Inc., and see how much money they would take for the apartments. Another salesman testified that he had talked with and met with the parties on an average of once or twice a week up until the sale in June, 1969, in an attempt to consummate a contract for the purchase and sale of the apartments. It thus

clearly appears that there was evidence that the broker was never told to cease his efforts to consummate a sale, and that a jury question remains as to whether or not he was the procuring cause of the sale which was consummated by and between the parties without paying plaintiff a commission. *Graves v. Hunnicutt,* 8 Ga. App. 99 (1, 2, 3), supra. A cause of action for conspiracy in such situations, to eliminate the payment of a commission, will lie in favor of the broker who is thus deprived of the commission. See *Barnett v. Eubanks,* 105 Ga. App. 749, 752 (125 SE2d 571); *Woodall v. McEachern,* 113 Ga. App. 213, 221 (147 SE2d 659). The court erred in directing the verdict against the plaintiff.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*
ARGUED JUNE 2, 1971—DECIDED JUNE 23, 1971—
REHEARING DENIED JULY 15, 1971.

*Kaler, Karesh & Frankel, Samuel N. Frankel, Alan J. Tanenbaum,* for appellant.
*Claude E. Hambrick,* for appellees.