49177. PATE et al v. MILFORD A. SCOTT REAL ESTATE COMPANY, INC.

EVANS, Judge.

Scott Realty Company, a licensed real estate brokerage firm, contends that Waddell H. Pate, owner of

certain realty, gave to Scott an "open listing" to sell said property. (The term "open listing" is not defined anywhere in the entire record of this case, and while the litigants imply that it means the opposite of "exclusive listing," we are left to conjecture as to the real meaning, as it is obviously a trade-term used exclusively in the real estate business. See Code § 102-102 (1)).

Scott advertised the property, and showed same to Mr. and Mrs. Clark H. Rowe, who evinced an interest in purchasing same. But Pate, the owner, sold the property directly to Mr. and Mrs. Rowe, and no real estate commission was paid.

Scott Realty Company filed suit against Waddell H. Pate and Waddell H. Pate Company, Inc. in the Civil Court of Richmond County. Plaintiff prayed a recovery for real estate commission, and attorney fees because of the bad faith of defendant in trying to defraud plaintiff of the commission on said sale. Plaintiff did not request trial by a jury in his complaint.

Defendants answered and admitted that the property had been sold, but denied that plaintiff was entitled to any recovery, and alleged plaintiff had not negotiated the sale; and moved to strike the claim for attorney fees. Defendants did not request a trial by jury.

Plaintiff amended and therein requested a jury trial. Defendants moved to strike this last amendment, which motion was by the court denied.

During the trial and at the conclusion of introduction of evidence, defendants moved for a directed verdict as to the entire case; and then moved for a directed verdict as to attorney fees, which motions were by the court denied. The jury returned a verdict in favor of plaintiff for $1,487.50 as real estate commissions, and for $550 as attorney fees.

Defendants moved for judgment notwithstanding the verdict, and in the alternative moved for a new trial, both of which motions were by the court overruled and denied. Defendants appeal. *Held:*

1. Defendants contend the trial court erred in allowing this case to be tried by a jury, because under the statute creating the Civil Court of Richmond County a demand for jury trial must be made by the plaintiff at

the time of filing his initial pleading, and by the defendant on or before the time when he has to appear in court. Georgia L. 1971, pp. 2745, 2755 (Section 21). The failure to file a timely demand constitutes a waiver of trial by jury. But the Civil Practice Act allows amendments to pleadings at any time before the entry of a pre-trial order. Code Ann. § 81A-115 (a). The Civil Practice Act applies to all courts of record in this state. Code Ann. § 81A-101. And it has been held numerous times that any conflict in a local Act creating a court of record must yield to the provisions of the general law and to the Civil Practice Act. *Action Industries v. Redisco, Inc.*, 122 Ga. App. 754 (178 SE2d 735); *Crosby v. Dixie Metal Co.*, 124 Ga. App. 169 (1), 170 (183 SE2d 59); Section 13 of the Act (Ga. L. 1971, p. 2752 et seq.)

2. While "open listing" is not defined or explained in this lawsuit, it is clear that the listing given by Pate to Scott authorized Scott to sell the property in question. But Pate, the owner, likewise had the authority to sell the property, as the listing with Scott was not exclusive. However, the law of this state provides that when a real estate agent has a contract which authorizes him to sell property of the owner, even though the contract is not exclusive, and even though the owner is likewise authorized to sell the property, certain rights flow to the real estate agent when he secures a prospective purchaser and negotiates in good faith with such prospect for sale of property. The owner cannot thereafter undercut the real estate agent (provided he has notice of the aforementioned negotiations) and take over the prospect and sell the property himself, and thus avoid the obligation of paying a commission to the real estate agent. *Ideal Realty Co. v. Storch,* 124 Ga. App. 271 (183 SE2d 520); *Tidwell & Yarbrough Realty Co. v. Foster,* 123 Ga. App. 192 (180 SE2d 259); *Gresham v. Connally,* 114 Ga. 906 (41 SE 42); *Moore v. May,* 10 Ga. App. 198 (73 SE 29); *Washington v. Jordan,* 28 Ga. App. 18 (109 SE 923); *Woodall v. McEachern,* 113 Ga. App. 213, 221 (147 SE2d 659).

3. But if the owner enters into negotiations with the ultimate purchaser, and executes a preliminary sales contract, without knowledge of negotiations between the

real estate agent and said purchaser, upon completion of the sale, the owner is not liable for commission to the real estate agent. *Palmer v. Malone,* 97 Ga. App. 666 (2,3) (104 SE2d 131); *National City Bank of Rome v. Graham,* 105 Ga. App. 498 (2), 506 (125 SE2d 223); *Ideal Realty Co. v. Storch,* 124 Ga. App. 271, 272 (2), supra; *Doonan v. Ives & Krouse,* 73 Ga. 295 (2). There is evidence here to show that Scott first showed the property to Rowe on March 24, 1972, *but the record is silent as to any knowledge by Pate of such transaction.* The first notice given by Scott to Pate of his negotiations with Rowe was on May 5, 1972 (Tr. pp. 36, 37, 38). Before receiving this notice, Pate had entered into a written preliminary sales agreement as to this property with Rowe on April 1, 1972 (Tr. p. 199); which was followed by final consummation of the transaction and execution of a deed on May 17, 1972 (Tr. p. 200). Plaintiff argues that he gave notice to Pate on May 5, 1972, prior to execution of the deed on May 17, 1972. But the controlling factor is not the ultimate deed, but the preliminary sales agreement, which in this case was entered into in writing on April 1, 1972, prior to any notice of Scott's contention that Rowe was his prospective customer. See *Palmer v. Malone,* 97 Ga. App. 666, at page 688 (4), supra; *National City Bank v. Graham,* 5 Ga. App. 498 (2a), supra. Plaintiff contends that the preliminary written sales agreement, dated April 1, 1972, had expired and was void before the deed was finally executed on May 17, 1972. This point is not well taken, as the preliminary sales agreement simply provided that: "3. Purchaser is allowed 30 days from above date to have his attorney prepare papers and examine title." No time for closing the transaction and executing the final deed was imposed in this agreement by the above language.

4. Under the evidence as shown in this case, the plaintiff was not entitled to recover a commission upon the sale of the real estate; and of course, no attorney fees can be recovered for bad faith where the plaintiff is not entitled to recover any part of the principal damages sued for. *Bigelow-Sanford Carpet Co. v. Goodroe,* 98 Ga. App. 394 (5,6) (106 SE2d 45); *Gartrell v. Afro-American Life Ins. Co.,* 88 Ga. App. 806 (78 SE2d 92).

5. Since becoming a judge of this court the writer

has sanctioned very few motions for directed verdict, and motions for judgment notwithstanding the verdict. I feel that there is some question for a jury to decide in most cases, and I am a strong believer in the right of trial by jury, especially at this time when this bedrock of our civilization and our society is under attack from many directions, and is being slowly eroded and whittled away. Lawyers are pressured to try cases before the judge, without a jury; and legislation is in the mills to try cases with juries of less than 12 men. I am against each and all of these attacks on our right of trial by jury. In this case, most reluctantly, I have to conclude that a directed verdict should have been granted in defendants' favor; and reverse the trial judge because of his failure to grant same, and in failing to grant defendants' subsequent motion for judgment notwithstanding the verdict.

*Judgment reversed. Pannell, J., concurs. Eberhardt, P. J., concurs in all divisions except Division 1; and concurs in the judgment.*

ARGUED APRIL 4, 1974 — DECIDED MAY 9, 1974 — REHEARING DENIED JUNE 4, 1974 — ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Fulcher, Hagler, Harper & Reed, W. M. Fulcher, William A. Trotter, III,* for appellants.

*Harrison, Jolles & Miller, Howard S. Bush,* for appellee.