John R. McGAULEY, Plaintiff-Appellant,

v.

MERCURY MILLS OF GEORGIA, INC.,
Defendant-Appellee.

No. 77–1484
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 1977.

Frank M. Gleason, James A. Secord, Ross-ville, Ga., for plaintiff-appellant.

John I. Foster, Jr., Chattanooga, Tenn., Karl M. Kothe, Rome, Ga., for defendant-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

A real estate broker takes this appeal from a directed verdict rejecting his claim for a broker's commission. Appellant John McGauley had a non-exclusive listing on appellee Mercury Mills's property. Mercury Mills subsequently sold directly to a purchaser. McGauley alleged that appellee knew the purchaser was negotiating with McGauley and sold directly in order to avoid paying a commission.

The district court directed a verdict against McGauley. While the proof showed Mercury Mills knew McGauley had negotiated with a corporation, there was no evidence that Mercury Mills knew McGauley had ever represented the ultimate purchaser, an individual who had some connection with the corporation but was not its alter ego. Georgia law is clear that in this situation the agent must prove that the owner sold the property with knowledge that the agent had procured the eventual purchaser. *See Pate v. Milford A. Scott Real Estate Co.,* 132 Ga.App. 49, 207 S.E.2d 567 (1974); *Palmer v. Malone,* 97 Ga.App. 666, 104 S.E.2d 131 (1958); *State Life Ins. Co. v. Whitehurst,* 67 Ga.App. 646, 21 S.E.2d 474 (1942). A careful review of the record, taking that view most favorable to appellant, confirms the lower court's conclusion that Mercury Mills entered into negotia-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

tions with the ultimate purchaser without knowledge that McGauley had ever represented that purchaser. The judgment of the district court is

AFFIRMED.