*Jones, Jones, Johnston & Russell, C. M. Cork,* contra.

20452. CITY NATIONAL BANK & TRUST COMPANY OF MIAMI *v.* ORR *et al.*

STEPHENS, J. 1. Although an owner of real estate listed by him with a real-estate broker for sale may, before the broker's procurement of a customer ready, able, and willing to buy on terms prescribed by the owner, have had the right to sell the property himself to a customer not procured by the broker, yet where the owner, after having made a bona fide sale of the property to a customer procured by himself and not by the broker, continues to avail himself of the broker's services by encouraging the broker to continue negotiations for the sale of the property to the customer with whom the broker had been negotiating, and afterwards accepts the broker's customer and sells the property to the broker's customer upon the terms originally prescribed by the owner, the owner in the meantime having repurchased the property from the customer to whom he himself had sold it, the owner can not, upon the ground of a previous sale of the property by himself, avoid liability to the broker for commissions. This is true notwithstanding that, after the owner had himself sold the property, the broker may have urged the owner to negotiate with the person to whom the owner had sold the property, with a view to procuring a sale of the property by that person to the broker's customer. The broker's conduct in this respect is no more than a continuing effort by him, as the owner's agent, to effect a sale of the property under the original listing from the owner to him.

2. This is a suit on a promissory note where the defendant admitted the indebtedness represented by the note, but set off an alleged claim for

commissions as a broker earned under a contract of listment with the plaintiff as the owner of a certain interest in real estate. Under the foregoing rulings it appears conclusively and as a matter of law, from the evidence adduced upon the trial and that offered by the plaintiff and excluded, that the owner could not, upon the ground of the previous sale of the property by himself, avoid liability to the broker for commissions. The court therefore did not, as contended by the plaintiff, commit any error in the charge or in the exclusion of testimony offered.

3. The evidence authorized the finding in favor of the defendant on the plea of set off, in the amount found by the jury, which represents the amount of the defendant's commissions, less the amount admitted by the defendant as due upon the note sued on.

4. The rulings here made are not in conflict with those made in this case as reported in 39 *Ga. App.* 217 (146 S. E. 795). The record there presented an issue of fact as to whether the purchaser to whom the plaintiff finally sold the property was the purchaser procured by the defendant, and for that reason it was held that the alleged error in the charge demanded a new trial for the plaintiff. Here no such issue is presented, and it is conclusively established, without dispute, that the purchaser to whom the plaintiff finally sold the property was the purchaser procured by the defendant.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1931.

*W. A. Slaton,* for plaintiff.   *B. W. Fortson,* for defendants.