## DAVIS *v.* MORGAN.

1. There being no evidence at all that the plaintiff, who had been employed as a real estate agent to sell land for the defendant, had any knowledge or notice of a defect in the latter's title to the land, it was error to charge upon any such hypothesis.

2. Although it was incumbent on the plaintiff to show that he had procured a person ready, willing and able to purchase on the terms prescribed by the defendant, yet if the plaintiff in fact procured a person who was recognized, either expressly or tacitly by

the defendant as answering all these requirements, and the failure to complete the sale was due solely to the defendant's inability to make a good title to the land, the plaintiff would be entitled to his compensation as if the sale had actually taken place.

August 5, 1895.

Action on contract. Before Judge JANES. Polk superior court. August term, 1894.

BLANCE & FIELDER, I. F. THOMPSON and BROYLES & SON, for plaintiff. IRWIN & BUNN, for defendants.

SIMMONS, Chief Justice.

Davis sued Morgan, alleging, in brief, that on October 8, 1888, Morgan employed him to bring to Morgan any one who would buy from Morgan certain land described, at $4,000, $2,000 cash and $2,000 in a note due at twelve months, with interest at eight per cent., secured by a mortgage on the property, and for the service to be so rendered, was to give petitioner Morgan's note for $500 due at twelve months; or in case the purchaser would give four notes of $500 each instead of the $2,000 note, then Morgan was to give petitioner, in lieu of Morgan's note for $500, one of the purchaser's notes; that petitioner entered upon the performance of the service and by diligence found a purchaser before November 1, 1888, one R. C. Johnson, who was willing and fully able to buy the land on said terms and pay for the same in said manner, and petitioner introduced Johnson to Morgan, and Johnson informed Morgan he was willing and ready to take the lot on said terms, and petitioner urged Morgan to carry out the contract and sell the land to Johnson, who was ready and willing to pay the $2,000 cash and give either the $2,000 note secured by mortgage on the land or to give the four $500 notes secured in the same way, but Morgan refused to sell the land on said terms and refused to let Johnson have it; that petitioner, having done his duty, called on Morgan and demanded Morgan's note for $500 due at twelve

months, and Morgan refused and refuses to give it. There was a verdict for the defendant, and the plaintiff's motion for a new trial being overruled, he excepted.

1. The first special ground of the motion for a new trial is, that the court erred in charging, that if the plaintiff had notice or knowledge of any infirmity in the title of the defendant to the property to be sold, when he undertook the sale or when he found a purchaser, he could not recover. One of the objections to this instruction was, that there was no evidence to authorize it. We have carefully examined the record, and find no evidence whatever as to notice or knowledge on the part of the plaintiff as to any defect in the title when he undertook to sell the land. It was therefore error for the court to charge upon such an hypothesis.

2. The court charged the jury, that before the plaintiff could recover he must show that the purchaser was able to comply with the contract. This is complained of as error, and it is insisted that the court should have charged, as requested by the plaintiff, that in the absence of proof the presumption is that the purchaser was able to comply with the terms of the proposed sale. Upon this question the authorities are conflicting, but we think the true rule is this: that, as a general proposition, a broker who has been employed to sell is not entitled to recover his commission unless he shows that he procured a person willing, ready and able to purchase upon the terms prescribed by his principal; but where it appears that the proposed purchaser was accepted by the principal, the burden is upon the latter to show that the purchaser was not able to comply with the contract. See Fairly v. Wappoo Mills, 22 S. E. Rep. (S. C.) 108, 116, and cases cited; Coleman v. Meade, 13 Bush, 358; Lockwood v. Halsey, 41 Kans. 170, and cases cited. In the present case, according to the defendant's own evidence, he accepted the proposed purchaser, with-

out objection, recognizing him as answering all the requirements; and there is no suggestion that he was not entirely solvent. Indeed, it appears that the failure to complete the sale was due wholly to the defendant's inability to make a good title to the land. This being so, we think the court erred in making the plaintiff's right to recover depend upon whether he had established the ability of the purchaser to pay for the land.

*Judgment reversed.*