### 3809.  HARVIL *v.* WILSON BROTHERS.

HILL, C. J.  Where a broker, during the agency, finds a purchaser ready, able, and willing to buy, and who actually offers to buy, on the terms stipulated by the owner, his commission is earned. Civil. Code (1910), § 3587. Or if, during the agency, the broker enters into a contract in behalf of his principal which is mutually binding and enforceable, the broker has fully complied with his obligation and is entitled to his commission. In order, however, for the broker to recover a commission on the latter theory, he must allege and prove either that the owner or the purchaser refused to comply, without legal cause, and that when the purchaser refused to comply he was solvent, or that the question of his solvency had been waived by the owner. Applying these principles to the allegations of the petition, the demurrer thereto should have been sustained.                    *Judgment reversed.*

DECIDED MAY 7, 1912.

Complaint; from city court of Atlanta—Judge Reid. October 19, 1911.

The petition alleges, that on January 31, 1911, the defendant listed with the plaintiffs, for the purpose of sale, certain real estate described, entering into a written contract (a copy of which is exhibited), in which it was agreed that the plaintiffs should secure a purchaser for the property at a stated price, and that, should the plaintiffs secure such a purchaser, the defendant would pay them a stated commission; that on February 6, 1911, the plaintiffs "secured from R. H. Hankinson his consent to purchase" the property described, on the terms imposed by the defendant in his contract of listing with the plaintiffs, and the plaintiffs "secured from [the defendant] his written assent to their agreement with R. H. Hankinson for the sale of the property" described; and that the defendant has never paid, and refuses to pay, any part of the commission due the plaintiffs by reason of their compliance with the contract first mentioned. "And for a second and further cause of action," the plaintiffs allege the making of a separate contract with the defendant on February 7, 1911, by which the plaintiffs agreed to secure, if possible, Hankinson's consent to pay for the property $100 more than the price named in the first contract

between the plaintiffs and the defendant, and that if the plaintiffs should secure Hankinson's consent to pay this additional sum, the defendant would pay them half of the extra amount; that this contract to secure the $100 extra was not to affect or modify the previous contract as to commission; that on or about February 11, 1911, the plaintiffs "did in fact secure from R. H. Hankinson his consent to pay" for the property described the price named in the contract between the plaintiffs and the defendant, with the additional $100, and that on or about February 13, 1911, it was agreed between the defendant and the plaintiffs that the defendant would accept this price from Hankinson; that the defendant has never paid, and refuses to pay, any part of the commission due the plaintiffs by reason of "the oral contract of February 7, 1911." They pray judgment for the amount of the commission and interest.

The defendant demurred to the petition generally, and the demurrer was overruled. The court, on demurrer, struck the defendant's answer, and the plaintiffs took a verdict and judgment for the amount claimed. The defendant excepted. It is contended in the brief of counsel for the plaintiff in error that the general demurrer to the petition should have been sustained because "it is not alleged that any sale was consummated, nor that there was any refusal on the part of Harvil to carry out his agreement with the brokers, rendering performance impossible, nor that the person treated as a purchaser offered to purchase the property, nor (if his 'consent' can be construed to be an offer) that he was able and ready to carry out his offer, nor that any binding and enforceable contract between the parties was effected."

*Walter McElreath,* for plaintiff in error, cited: Civil Code (1910), § 3587; *Doonan* v. *Ives,* 73 *Ga.* 295; *Emery* v. *Atlanta Exchange,* 88 *Ga.* 321; *Davis* v. *Morgan,* 96 *Ga.* 518; *Odell* v. *Dozier,* 104 *Ga.* 906; *Gresham* v. *Connally,* 114 *Ga.* 906; *Phinizy* v. *Bush,* 129 *Ga.* 479, 488; Simonson *v.* Kissick, 4 Daly (N. Y.), 143; Crombie *v.* Waldo, 42 N. Y. S. R. 225; Notes to Lunney *v.* Healey, 44 L. R. A. 601, 605 (notes 3 and 4); *Cooper* v. *Portner Brewing Co.,* 112 *Ga.* 894 (3), 900.

*Dean E. Ryman,* contra, cited: Civil Code (1910), § 3587; *Odell* v. *Dozier,* supra; *Davis* v. *Morgan,* supra; *Phinizy* v. *Bush,* supra; Lunney *v.* Healey, 56 Neb. 313 (76 N. W. 558, 44 L. R. A. 593, and notes); Civil Code, §§ 6285, 6301, 5628, 5681-2; *Ellison*

v. *Ga. R. Co.,* 87 *Ga.* 691, 706 (6); Civil Code, § 3223 (2, 3); *Watson* v. *Brightwell,* 60 *Ga.* 212 (1); Civil Code, §§ 4266, 4268, 4568; Cheatham *v.* Yarbrough, 90 Tenn. 80; Brackenridge *v.* Claridge (Tex.), 42 S. W. 1005 (2).