## 4593. WILSON BROTHERS *v.* VERNER.

In an action by a broker to recover commissions for negotiating a sale, on the theory that as a result of his efforts a binding contract of sale was entered into between the parties, which, by reason of a disagreement between them and the purchaser's refusal to pay, was not complied with, it must appear that the purchaser is solvent, and that compliance on his part could be compelled. A petition in such a suit which fails to allege this essential fact should be dismissed, on general demurrer.

DECIDED MARCH 18, 1913.

Complaint; from city court of Atlanta—Judge Reid. November 9, 1912.

*Dean E. Ryman, Scott Candler,* for plaintiffs.

*Gober & Jackson,* for defendant.

POTTLE, J. This was an action by real-estate brokers, to recover the reasonable value of services alleged to have been rendered by them in making a contract in behalf of the defendant. Several points are argued in the briefs, such as, whether the contract was one of purchase or of lease; whether the petition shows that a contract binding on the purchaser (or lessee) was entered into, and whether the action of the brokers in withholding certain advance payments defeated their right to recover. Without reference to these questions, however, the petition was, for another reason, rightly dismissed on demurrer. Before a broker is entitled to his commissions for negotiating a sale, he must produce a purchaser who, among other things, is able to buy. Civil Code, § 3587. If the seller accepts the purchaser and enters into a binding and en-

forceable contract with him, the broker has rendered all the service required of him under his engagement, and is entitled to his commissions. *Georgia Iron & Coal Co.* v. *Rogers,* ante, 429 (77 S. E. 213). Where suit is brought to recover commissions upon the theory that such a contract has been entered into, but has been breached by one of the parties through no fault of the broker, it is essential that it should appear that the purchaser is able to comply; that is to say that he is solvent and compliance on his part can be compelled, or that if insolvent, the seller agreed to accept him notwithstanding this fact. *Harvil* v. *Wilson,* 11 *Ga. App.* 156 (74 S. E. 845). The soundness of the decision just cited is combated by counsel for the plaintiffs, but this contention grows out of an erroneous interpretation of the decision. The decision does not hold that, if the purchaser be solvent or able to buy at the time the contract is executed, the seller will be absolved from paying commissions, if the purchaser, subsequently to the making of the contract, becomes insolvent. If the broker has produced a purchaser ready, able, and willing to buy, and who offers to buy on the owner's terms, or who enters into a valid and enforceable contract so to do, the broker has performed his engagement and is entitled to his commission. In the present case, assuming that the contract was valid and binding, the purchaser refused to comply There is no allegation that he was able to comply, or that compliance on his part had been or could be enforced. For this reason, if for no other, the petition was rightly dismissed on general demurrer.                                *Judgment affirmed.*