### 5634.   MERCER v. PLANTERS RICE MILL CO.

WADE, J.   There was no error in sustaining the demurrer, for it does not appear from the petition that the efforts of the real-estate agent in securing the option resulted in procuring a purchaser ready, able, and willing to buy the real estate of the defendant.

*Judgment affirmed.   Broyles, J., not presiding.*
DECIDED FEBRUARY 18, 1915.

Complaint; from city court of Savannah—Judge Davis Freeman.   February 11, 1914.

The action of George A. Mercer against the Planters Rice Mill Company was based on the contract set out in the statement of facts in the case of *Sperry* v. *Planters Rice Mill Company,* ante, 35.   The petition alleges, that the defendant appointed the plaintiff its agent to sell the lot described therein, that the plaintiff negotiated a sale of the property to M. L. Sperry for $65,000; that the sale was consummated by an option for which $1,000 was paid by Sperry to the plaintiff, who in turn paid it to the defendant, and thereupon the written contract of option, referred to above, was executed between Sperry and the defendant, and the defendant accepted Sperry as the purchaser, and thereafter the option was accepted by Sperry; that "said sale was thus consummated by  .  .  petitioner with the approval of said defendant, and thereupon plaintiff fully performed his contract and defendant thereby became indebted to the plaintiff thereunder;" that under the agreement the plaintiff was to receive 2½ per cent. of the selling price, which amounts to $1,625, but the defendant fails and refuses to pay this sum, and the plaintiff prays judgment for it.   By amendment it is alleged that under the said option Sperry elected to take the property on the terms set out in the option and within ninety days from its date.

The defendant demurred to the petition generally, and in special grounds of the demurrer contended that the allegations as to the consummation of the sale and the plaintiff's performance of his contract were mere conclusions of the pleader.

*Osborne & Lawrence, Edmund H. Abrahams,* for plaintiff, cited: Civil Code (1910), § 3587; *Indiana Fruit Co.* v. *Sandlin,* 125 *Ga.* 222 (1); *Wilson* v. *Verner,* 12 *Ga. App.* 511; *Ga. Iron & Coal Co.* v. *Rogers,* 12 *Ga. App.* 429 (1); *Davis* v. *Morgan,* 96 *Ga.* 518; *Phinizy* v. *Bush,* 129 *Ga.* 486; *Humphries* v. *Smith,* 5 *Ga. App.*

342; *Truitt* v. *Ansley*, 12 *Ga. App.* 329; 21 Am. & Eng. Enc. L (2d ed.), 930, 933; 29 Am. & Eng. Enc. L. (2d ed.), 860, and notes; Souffrain *v.* McDonald, 27 Ind. 269; Smith's Appeal, 69 Pa. St. 474; Watson *v.* Coast, 35 W. Va. 463; Guyer *v.* Warren, 175 Ill. 328 (2), 336.

*George W. Owens, T. P. Ravenel, E. S. Elliott,* for defendant, cited: *Humphries* v. *Smith,* 5 *Ga. App.* 340, 343 (3); *Larned* v. *Wentworth,* 114 *Ga.* 208, 222; *Hyams* v. *Miller,* 71 *Ga.* 608, 618; Civil Code, § 3587; *Harvil* v. *Wilson,* 11 *Ga. App.* 156; *Wilson* v. *Verner,* 12 *Ga App.* 511; *Jarman* v. *Westbrook,* 134 *Ga.* 19; *Terry* v. *Keim,* 122 *Ga.* 43; *Smith* v. *Tatum,* 140 *Ga.* 719 (3a); *Emery* v. *Atlanta Exchange,* 88 *Ga.* 327; *Payne* v. *Ponder,* 139 *Ga.* 283, 287; *Rice* v. *Ware,* 3 *Ga. App.* 579.