## 52454. STURDIVANT et al. v. POLK.

MARSHALL, Judge.

Appellants, an 11-year-old child and her father, brought an action for personal injury based on negligence and gross negligence against appellee for his operation of a pickup truck in which the appellant child was riding. A jury trial resulted in a verdict for the appellee, from which appellants appeal.

The record shows that the appellant child was riding in the back of appellee's pickup truck with some other children. The children had attended a church outing in an open field and appellee was transporting the children back home after they had completed their activities. After the children were loaded into the truck, they asked appellee to leave the tailgate down. He complied with their request but instructed them not to hang their legs off the end of the tailgate. While appellee was backing the truck, one of the children spilled some water on appellant and the other children, causing them to move to the back of the truck. Appellant let her leg hang momentarily off the tailgate. At that time appellee backed into a parked vehicle, crushing appellant's leg. *Held:*

1. The jury returned the following verdict: "We, the jury, find the defendant, Robert Polk, not negligent." The

trial judge instructed the jury to put its verdict in the proper form and in the event it found defendant not liable to plaintiffs, their verdict should be: "We, the jury, find in favor of the defendant as to each claim." The jury then published its verdict in that form.

Appellant contends in Enumerations 1 through 4 that the verdict should have been set aside, that judgment should not have been entered thereon, and that partial summary judgment and new trial should have been granted, because the jury's original verdict was that the defendant was not negligent, when the facts, as outlined above, clearly show defendant *was* negligent in backing his truck into a parked vehicle and in allowing children to ride in an open truck with the tailgate down. Thus the verdict, appellant contends, is contrary to the evidence.

Code § 110-105 provides: "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity." The "reasonable intendment" of this verdict is that reflected in the verdict properly formed, to wit: the defendant is not liable to the plaintiffs. The corrected verdict supersedes the incorrect verdict. Therefore, the only question before us is whether the verdict is supported by the evidence. The questions of appellee's negligence, appellant's contributory negligence and proximate cause were properly submitted to the jury, and its verdict will not be disturbed except in plain indisputable cases. *Wilks v. Lingle,* 112 Ga. App. 176 (1) (144 SE2d 552). We cannot say, as a matter of law, that appellant was not contributorily negligent or that her own inattention was not the proximate cause of her injury.

2. Enumerations of error 5 and 6 pertain to questions and answers during cross examination of the child's father as to whether the child was usually obedient to adults' orders and instructions. Such facts were relevant to the issue of appellee's and appellant's negligence and were proper. Code § 38-201.

3. Enumerations 7, 8, 11 and 20 complain that the trial court's instructions to the jury imposed on the appellant child a standard of ordinary care when the law requires only a standard of due care and diligence for a child of tender years.

The trial court instructed the jury, at two points, that the standard of care imposed on the minor appellant was that of ordinary care and diligence. (T. pp. 133, 134) This charge is incorrect. A child of 11 years is one of tender years, and it owes only due care to others as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation. See Code § 105-204. It may be ordinary care and it may not. Generally, due care is defined as that care which an ordinary, prudent person would have exercised under the circumstances; and due care, ordinary diligence and ordinary care are interchangeable terms. See *Criswell Baking Co. v. Milligan,* 77 Ga. App. 861 (3) (50 SE2d 136); *McDuffie v. Tanner,* 108 Ga. App. 213, 216 (132 SE2d 675). But as to a child of tender years, under 14 years of age, she is not bound to exercise due care as an adult (exacted of every prudent man) but according to her age and capacity. See *Kendrick v. High Shoals Mfg. Co.,* 21 Ga. App. 315 (1) (94 SE 287), and cits. See also the recent Supreme Court decision of *Ashbaugh v. Trotter,* 237 Ga. 46, 47 (226 SE2d 736). Clearly the court in instructing the jury that the standard of care that the child owed to protect herself from injury was the same as the adult owed her was erroneous without explaining further.

It is true that later in the charge, the court did correctly instruct the jury as to due care and diligence of a child but he did not correct the earlier charge or explain that he was in error in stating that the standard of care for her was that of "ordinary care and diligence." An erroneous and injurious instruction is not cured by a correct statement of law in another part of the charge to the jury wherein the incorrect charge is not expressly withdrawn from the jury's consideration and their attention directed thereto. *Central of Ga. R. Co. v. Deas,* 22 Ga. App. 425, 426 (3) (96 SE 267); *Western & A. R. Co. v. Clark,* 117 Ga. 548 (44 SE 1); *C. & S. Nat. Bank v. Kontz,* 185 Ga. 131 (2) (194 SE 536); *Western & A. R. v. Mansfield,* 98 Ga. App. 421, 424 (1) (105 SE2d 804). Enumeration of error number 7 is therefore meritorious.

4. Appellants contend in Enumerations 9 and 10 that the trial court erred in charging that if the jury found

that the plaintiff child was a guest passenger in the defendant's truck, then the defendant owed her a duty to exercise only a slight degree of care. Appellants contend that she was *not* a guest passenger because her parents never gave her permission to ride in appellee's truck. *Wood v. Morris,* 109 Ga. App. 148, 150 (135 SE2d 484); *Chancey v. Cobb,* 102 Ga. App. 636 (117 SE2d 189). Appellant contends instead that she was an invitee to whom the appellee owed a duty of ordinary care. The trial court charged on both guest passenger and invitee.

The transcript reflects that there was evidence that the child's father consented to, gave permission for, and approved of his daughter riding with appellee on this occasion, making her a guest passenger, and thereby imposing on defendant appellee a duty to exercise only slight care. However, the evidence also shows that she was a minor under the control and supervision of the defendant appellee, thereby imposing upon him the duty to exercise reasonable care to protect the child. See *Laite v. Baxter,* 126 Ga. App. 743, 744 (2) (191 SE2d 531). See also *Herring v. R. L. Mathis Certified Dairy Co.,* 118 Ga. App. 132 (2) (162 SE2d 863). Thus, there was evidence that appellant was both a guest passenger *and* a minor under the care and supervision of appellee. However, the standard of care under these two theories of negligence is mutually exclusive and cannot be applied to the same set of facts. The trial judge should have instructed the jury on that degree of care which imposes the greater duty of care on appellee, i.e., his duty to exercise reasonable care to protect a minor under his control and supervision. See *Laite v. Baxter,* 126 Ga. App. 743, 744, supra. Anything more than a passing reference that the child may have been a guest passenger could only result in misleading the jury to believe that there may have been a lesser duty of care imposed on appellee. To permit the jury to consider the lesser standard of care was erroneous.

5. The remaining enumerations of error concern jury instructions that appellant contends should have been given, *without request,* and that the failure to do so amounts to substantial error. Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078. (Code Ann. § 70-207 (c)).

"A party in a civil case cannot complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict. Code Ann. § 70-207 (a). The exception to the rule found in Code Ann. § 70-207 (c) (harmful as a matter of law) is inapplicable 'unless it appears that the error contended is 'blatantly apparent and prejudicial' (*Hollywood Baptist Church v. State Highway Dept.*, 114 Ga. App. 98, 99 (3) (150 SE2d 271) (1966)), and that a 'gross miscarriage of justice attributable to it is about to result.' *Nathan v. Duncan*, 113 Ga. App. 630, 638 (6b) (149 SE2d 383) (1966).' *Metropolitan Transit System v. Barnette*, 115 Ga. App. 17 (153 SE2d 656) (1967)." *Sullens v. Sullens*, 236 Ga. 645, 646 (224 SE2d 921). See also *A. W. Easter Const. Co. v. White*, 137 Ga. App. 465 (4) (224 SE2d 112) and cits. The appellant's enumerations do not meet the above test.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED JULY 7, 1976 — DECIDED SEPTEMBER 27, 1976 — REHEARING DENIED OCTOBER 25, 1976.

*George B. Rushing,* for appellants.
*Allgood, Childs, Snelling & Brown, Thomas F. Allgood, George B. Snelling, Jr., E. Purnell Davis,* for appellee.