## 58388. METAXIS v. SANDERS.

UNDERWOOD, Judge.

This is a suit by a "business broker" for commissions allegedly due under a "Business Opportunity Listing Contract." The document sued upon provided that Mrs. Metaxis, the seller, would pay the commission to Sanders, the broker, "if . . . Broker secures a purchaser ready, willing and able to purchase property [known as "The Stuffed Sandwich"]; . . . or in the event said property is sold

. . . by any other person, including me, I agree to pay Broker said compensation if property is sold . . . within twelve months after termination of this agreement . . . to any party with whom Broker had negotiated with directly or indirectly while this agreement is in effect."

The trial court, sitting without a jury, entered judgment for broker for the commissions found to be due, and seller has appealed here contending that there was no evidence that broker was the procuring cause of the sale (*Parrish v. Ragsdale Realty Co.,* 135 Ga. App. 491, 493 (2) (218 SE2d 164) (1975)), or that the sale was made to "any party with whom Broker had negotiated with directly or indirectly while this agreement is in effect." We affirm.

1. While seller admits that broker advertised the property; that one Soublis telephoned him; that broker mailed him information about the property; and that Soublis subsequently purchased the property from seller, it is claimed that broker did not take Soublis to see the property; that Soublis, after looking at it, said the price was too high and he was not interested; that in August seller and broker mutually agreed that the business would no longer be advertised for sale and would be taken off the market; that the listing agreement expired on August 16 after the property had been so withdrawn from the market; and that negotiations were thus broken off and broker had abandoned his efforts by the expiration of the contract and prior to the subsequent sale on September 16, 1977.

Contrary to these assertions, however, we find that the listing agreement was effective for a period of "120 days from the date of this Agreement, and continuing thereafter until cancelled in writing giving Broker 15 days' notice;" and since there was no cancellation by seller the agreement remained in effect at all times relevant here. Clearly under the record Soublis, after answering broker's advertisement, was sent to the property by broker where he talked with seller's husband, co-owner who later introduced him to seller; and there was evidence from which the trial court could conclude that broker, after having negotiated with Soublis several times over the telephone, did not voluntarily abandon his efforts but was induced to do so by statements of seller that she had

decided not to sell after all because the sale depended upon another "deal" which was not going to go through, shortly after which, according to seller, "the deal came up again and we had to sell it as fast as we could."

As we said in *Tomlin v. Bickerstaff,* 85 Ga. App. 48, 51 (68 SE2d 224) (1951), "[t]o earn a commission on account of the sale of property an agent must either have sold it or have been the procuring cause of the sale. When the agent contends that he was the procuring cause . . . he does make out a prima facie case when he shows that negotiations for the sale were set on foot through his efforts, that he performed every service required by his employment which it was possible to perform, and that the failure on his part to personally consummate the trade was due to the interference of the defendant . . . Although the evidence is conflicting and the jury could have returned a contrary verdict, it is sufficient to show that the plaintiff was the procuring cause of the sale and that the defendant's interference prevented him from finishing his services and consummating the sale." Accord, *Suburban Realty v. Busbin,* 136 Ga. App. 850, 851 (2) (222 SE2d 627) (1975) (reversed other grounds 236 Ga. 783) (225 SE2d 316) (1976)); *Alcovy Realty Co. v. Stone Mtn. Abstract Co.,* 137 Ga. App. 597 (224 SE2d 519) (1976).

We affirm under that principle, as well as under the provision of the contract as to sale to a party with whom broker had negotiated with directly or indirectly while the agreement was in effect.

2. The motion to assess 10% damages for delay pursuant to Code § 6-1801 is denied.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 24, 1979 — DECIDED OCTOBER 11, 1979.

*Platon P. Constantinides,* for appellant.
*Furman Smith, Jr.,* for appellee.