63826, 63827. NEWMAN v. JAMES M. VARDAMAN & COMPANY, INC.; and vice versa.

POPE, Judge.

Appellee James M. Vardaman & Co. brought suit against appellant W. A. Newman, seeking to recover a real estate commission allegedly earned as a result of the sale of some three hundred acres of timberland owned by appellant in Wilcox County. Appellant filed a counterclaim for damages allegedly resulting from appellee's breach of contract. The case proceeded to trial and the jury returned a verdict for appellee on both the claim and the counterclaim.

Appellant asserts eighteen enumerations of error, seventeen of which relate to the jury instructions and one relating to the trial court's alleged refusal to allow certain evidence in the case. Appellee filed a cross-appeal as a precautionary measure in the event of a decision for reversal and remand for new trial on the main appeal.

The facts were in dispute and we have endeavored herein to glean from the conflicting evidence, in light of the jury verdict, what transpired. Appellant, defendant below, was the owner of approximately 304 acres of land in Wilcox County. Appellee, plaintiff below, is a real estate broker.

In December 1978 appellant responded to a newsletter published by appellee, requesting information regarding the services offered by appellee. As a result, appellant was contacted by Edwin Orr, a real estate salesman employed by appellee. Orr met with appellant, surveyed the property to be sold and submitted an offer of services. Appellant declined at that time.

In June 1979 appellant contacted appellee again regarding the same piece of property. Orr again visited appellant. On June 27 Orr submitted an offer to appellant in the form of a letter. The letter was

signed by appellee's registered broker and it set forth the terms of the proposed agreement. Appellant was requested to indicate his acceptance by signing the letter, which he did. The agreement provided in part: "We [appellee] will measure and mark all of the sawtimber and cruise the pulpwood. We will then prepare and send out sale announcements to prospective timberland buyers, advertise in local newspapers, receive bids for opening by you and close the sale. These sales are sealed-bid, lump-sum, cash-in-advance transactions. Our fee for the entire operation is 10% of the high bid, payable when we close the sale."

Appellee marked, measured and cruised the timber, prepared and sent out sale announcements and advertised in the local newspaper. In addition, appellee's salesman, Orr, contacted several local prospective buyers. One of these was Gilman Paper Company.

Two bids were submitted by the bid closing date of September 27, 1979. One was a sealed bid in the amount of $146,550. The other was a bid by W. K. Ward, president of W. K. Ward Enterprises, Inc., in the amount of $192,405. The latter bid was communicated to Orr via telephone, which Orr reduced to writing and submitted to appellant in a sealed envelope along with the other bid.

The Ward bid, as submitted, was acceptable to appellant. Appellee, through Orr, discussed terms with appellant and then Orr telephoned Ward, stating the proposed terms. The proposed payment terms basically spread the purchase price over three tax years. Ward was unwilling to agree to the payment terms over the telephone and by himself but indicated his willingness to buy the land during the conversation. He told Orr that he was purchasing the property as part of a land swap deal with Gilman Paper Company. Following the telephone conversation, Ward mailed Orr a written confirmation of his bid and Orr sent Ward the proposed terms in writing.

The attorney initially handling the transaction for Ward was Tom J. Crosby, counsel also for Gilman Paper Company. On October 16, 1979 Crosby wrote a letter to appellant, with a copy to Orr, proposing to close the transaction on October 26, 1979. Enclosed with the letter was a closing statement and warranty deed. The closing statement indicated the buyer to be Zippy Mart, Inc. and it listed as part of the charges to seller the ten percent brokerage fee to appellee. (The deed enclosed was not produced at trial and it is unclear who was named grantee therein.)

Because Ward could not raise the down payment by the October 26 closing date, the deal was not closed then. On November 9 Crosby sent Orr a proposed six month option contract. On November 27 appellant and Ward signed a sales contract for the property. Closing

date was set for May 27, 1980. The purchase price was $192,405, the same as the September 27 bid price. The contract provided for appellee's ten percent commission to be paid by appellant. (Appellee was not present during this transaction.) After signing the sales contract with appellant, and on the same day, Ward executed an assignment of his interests under the contract to Zippy Mart.

On May 27, 1980 appellant consummated the sale to Zippy Mart. Despite efforts to be included at the closing, appellee was excluded. (The related exchange of property between Gilman Paper Company and Zippy Mart took place on June 10, 1980.) Appellant refused to pay appellee the ten percent real estate commission. On July 11, 1980 appellee filed suit. Appellant now appeals the jury verdict for appellee.

1. Appellant's first enumeration of error is that the trial court erred in charging the jury that appellee was a licensed real estate broker. Appellant's second enumeration contends that the court erred in failing to charge that appellee was required to allege and prove it was a duly licensed real estate broker at the time the cause of action arose. Because appellant failed to object to these charges, our standard of review is the substantial error test. Code Ann. § 70-207 (a) and (c); *Sturdivant v. Polk,* 140 Ga. App. 152 (5) (230 SE2d 115) (1976), and cases cited. See also *Collins v. Martin,* 157 Ga. App. 45 (4) (276 SE2d 102) (1981); *Yale & Towne, Inc. v. Sharpe,* 118 Ga. App. 480 (2) (164 SE2d 318) (1968).

Code Ann. § 84-1404 (a) provides: "No person shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this Chapter without alleging and proving that he was a duly licensed real estate broker or salesman at the time the alleged cause of action arose."

Appellee alleged in its complaint that it was duly licensed and submitted documentary evidence at trial, in the form of a certification from the Georgia Real Estate Commission, as proof thereof. The certification was admitted without objection and it was not disputed or controverted by appellant. At the close of the trial, in its charge to the jury, the court did charge that appellee was a licensed real estate broker. This was improper. Under § 84-1404 (a) the burden was upon appellee to prove this fact to the jury and the court should have so charged. However, we do not find this to be substantial error. Although it was a question of fact for the jury, it was supported by strong, undisputed evidence. A rational trier of fact could not have concluded otherwise. See *Sturdivant v. Polk,* supra.

Appellant argues that appellee failed to comply with Code Ann. § 84-1417 and therefore the conditions of § 84-1404 (a) were not met.

Appellant raises this argument for the first time on appeal. Section 84-1417 provides in relevant part: "If a real estate broker maintains more than one place of business within the State, a branch office license shall be issued to such broker for each branch office. . . . The manager of a branch office must be a broker or associate broker. No broker or associate broker shall be the manager of more than one real estate office or branch office."

Appellant adduced testimony at trial that appellee maintained a branch office in Macon; that Edwin Orr was the branch manager; and that he was licensed as a real estate salesman, not a broker. Appellant's argument is that because appellee failed to show it had complied with the provisions of § 84-1417 regarding branch offices, it could not have satisfied the conditions of § 84-1404 (a). We disagree. To our knowledge there is no authority holding that these two sections are related. Section 84-1404 (a) relates to matters between realtor-plaintiffs and the courts. Section 84-1417 relates to matters between realtors and the Georgia Real Estate Commission. Whether or not appellee was in compliance with § 84-1417 has no bearing on the issues in this case. Appellee submitted conclusive evidence that it was duly licensed at the time the alleged cause of action arose and we hold that sufficient to satisfy § 84-1404 (a). See *Merrill Lynch &c. Inc. v. Zimmerman,* 248 Ga. 580 (285 SE2d 181) (1981); *Management Search, Inc. v. Kinard,* 231 Ga. 26 (3) (199 SE2d 899) (1973); *A. R. Hudson Realty v. Hood,* 151 Ga. App. 778 (4) (262 SE2d 189) (1979) (as modified by *Merrill Lynch &c. v. Zimmerman,* supra); *Brown v. Jackson,* 142 Ga. App. 780 (237 SE2d 13) (1977); *Reddix v. Chatham County Hosp. Auth.,* 134 Ga. App. 860 (3) (216 SE2d 680) (1975) (as modified by *Merrill Lynch &c. v. Zimmerman,* supra).

Furthermore, even if appellee's evidence had been deficient, we would hold that appellant waived the requirement for proof by his actions. In other words, appellant is estopped from asserting the error on appeal. Appellant evinced that he knew appellee was a licensed broker when he was developing the basis for his Code Ann. § 84-1417 argument during the deposition of Edwin Orr and at all times before and during trial. The sales contract between appellant and Ward provided appellant would pay appellee's commission. The contract between appellant and appellee was signed by appellee's registered broker. At all times relevant to this case, appellant dealt with appellee in its capacity as a real estate brokerage. Thus, there was a tacit admission by appellant that appellee was entitled to the real estate commission, with an implicit admission that appellee was licensed to receive the commission. *Atlantis Realty Co. v. Morris,* 142 Ga. App. 470 (3) (236 SE2d 163) (1977); *White v. Watson Enterprises, Inc.,* 129 Ga. App. 203 (1) (199 SE2d 357) (1973).

2. Of appellant's sixteen remaining enumerations of error, fifteen relate to the refusal of the trial court to give appellant's requests to charge. Appellant's objection to the charge given was as follows: "Mr. Mills: Your Honor, Defendant respectfully objects to the court's charge in areas of — Court's charge on plaintiff's Request No. 5. The Court: All right. Mr. Mills: Not being justified by the facts in evidence in the case; and the Court's failure to charge Defendant's written charges numbers 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17. That's all we have."

This manner of objecting was practicably worthless. Because appellant failed to state "distinctly the matter to which he objects and the grounds for his objection," we will not consider separately these enumerations of error. Code Ann. § 70-207(a); *Atlanta Limousine Airport Svcs. v. Rinker,* 160 Ga. App. 494 (3) (287 SE2d 395) (1981). See also *Combined Contractors v. Welch,* 160 Ga. App. 790 (3) (288 SE2d 229) (1982).

3. In our general review of the jury charge under the Code Ann. § 70-207 (c) substantial error test, however, we are drawn to the arguments relating to entitlement to the commission. Appellant strongly argues that appellee is not entitled to the commission because it never closed the sale and because it otherwise failed to perform the conditions of the contract. Appellee, on the other hand, contends that it was the procuring cause of the sale and therefore is entitled to its commission.

The correct statement of the law is that a real estate broker is entitled to its commission if it either effects the sale or was the procuring cause which culminated in the sale. *Metaxis v. Sanders,* 151 Ga. App. 702(1) (261 SE2d 651) (1979), and cases cited; *First Nat. Bank &c. Co. v. McNatt,* 141 Ga. App. 6 (2) (232 SE2d 356) (1977), and cases cited. See also *Stone Mountain Realty v. Wright,* 155 Ga. App. 858 (3) (273 SE2d 228) (1980); *Booth v. Watson,* 153 Ga. App. 672 (1) (266 SE2d 326) (1980). See generally *Gresham v. Connally,* 114 Ga. 906, 909 (41 SE 42) (1902); *Edwards v. Andrews Bros.,* 24 Ga. App. 645 (101 SE 775) (1920). Whether or not appellee was the procuring cause of the ultimate sale was a question of fact for the jury and, although the evidence was conflicting, we hold it was sufficient to support the verdict. See *Metaxis v. Sanders,* supra; *Tomlin v. Bickerstaff,* 85 Ga. App. 48 (2) (68 SE2d 224) (1951). Furthermore, the charge given accurately stated the applicable law and enabled the jury to fairly decide the issues. Code Ann. § 70-207(c); *Sturdivant v. Polk,* supra. See also *Shipman v. Horizon Corp.,* 151 Ga. App. 242 (8) (259 SE2d 221) (1979), vacated on other grounds, 245 Ga. 808 (267 SE2d 244) (1980).

4. Appellant, in his final enumeration of error, contends that

the trial court erred in refusing to allow him to inquire into matters of custom and usage in the real estate industry during cross examination of appellee's salesman, Edwin Orr. We pause to note that the contention is exaggerated. The court did not rule out custom and usage generally. Rather, the court sustained the objection to appellant's question "as worded."

Appellant asked the witness whether he was familiar with the general understanding in the real estate business that a broker's commission was not due until he located a purchaser ready, willing and able to close the sale. We agree that this was an improper question. The referenced condition is a legal one, not an industrial one. See *Phinizy v. Bush,* 129 Ga. 479 (1) (59 SE 259) (1907); *Davis v. Morgan,* 96 Ga. 518 (2) (23 SE 417) (1895); and cases cited supra. Accord, Code Ann. § 4-213. Where the law has established the standard, the customary standard of the trade, even if identical, is immaterial. Whether or not the witness was familiar with the legal standard was likewise immaterial. Appellant's question sought the witness' knowledge of the law, rather than the relevant facts, and therefore it was improper. There was no error in sustaining the objection to the question as worded.

5. Having found appellant's enumerations of error and arguments in support thereof to be without merit, we affirm the judgment. Our decision renders it unnecessary to consider the merits of the cross-appeal. The cross-appeal is dismissed on the grounds of mootness. Code Ann. § 6-809 (b)(3).

*Judgment affirmed in Case No. 63826; appeal dismissed in Case No. 63827. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 8, 1982.

*Ben B. Mills, Jr.,* for appellant.
*Wilson R. Smith,* for appellee.