## 64943. FIELDS REALTY & INSURANCE COMPANY v. TEPER et al.

POPE, Judge.

Appellant Fields Realty & Insurance Company (hereinafter "the realtor") brought suit against appellee Philemore Teper (hereinafter "the seller"), the former owner of the Cabana Apartments in Atlanta, and individually against appellees Rosa Dziewienski, David Berkman and Gerald Blonder (hereinafter "the buyers"), who purchased the apartments. The realtor sought money damages in the amount of a real estate broker's commission allegedly due from the sale, claiming it was the procuring cause of the sale and

that appellees conspired to defraud it of its earned commission. The case is before this court following the granting of appellees' motion for summary judgment.

The record discloses that the only agreement between the seller and the realtor was that the seller would sell the apartments to a buyer procured by the realtor if that buyer would pay $2,500,000 and the attendant costs, including the realtor's commission. The agreement was oral and nonexclusive. It was made in May, 1979 at the time the realtor approached the seller with a prospective buyer. The prospective buyer was Tempo Properties (hereinafter "Tempo"), a partnership consisting of appellees Dziewienski, Berkman and Blonder.

On May 21, 1979 the realtor submitted to the seller Tempo's offer of $2,430,000, with $250,000 cash at closing, assumption of the seller's mortgage and creation of a long-term second mortgage. The proposed contract also provided that the seller would pay the realtor's commission. The seller rejected the offer.

In December, 1979 the buyers (either individually or as Tempo) offered the seller $2,500,000, with $300,000 at closing, assumption of the seller's mortgage and the balance on a short-term promissory note. The buyers further agreed to pay all costs except the seller's attorney fees and property transfer tax. The seller accepted the offer and the sale was consummated on January 1, 1980. Attorney Dave Gershon of the law firm Gershon, Ruden, Pindar and Olim handled the transaction for the buyers and the buyers paid the law firm a $50,000 finder's fee. The realtor received nothing.

1. It is clear from the record that the realtor procured the ultimate buyers of the property. However, in order for a realtor to be entitled to a commission, it must either effect the sale or be the procuring cause of the sale. *Newman v. James M. Vardaman & Co.,* 162 Ga. App. 878 (3) (293 SE2d 462) (1982) and cits. Whether a realtor was the procuring cause of a sale is generally a question of fact for the jury but, when faced with a motion for summary judgment supported by answers to interrogatories, admissions, depositions and affidavits countering the claim, the realtor must make a threshold showing to survive the motion. Code Ann. § 81A-156 (e) (now OCGA § 9-11-56(e)).

In the case at bar, the seller and buyers showed, by answers to interrogatories, a deposition and affidavits that the realtor made no contact with any of them after May, 1979. They further showed that the negotiations for the sale were handled by attorney Gershon. They also showed, in addition to the tenuous contractual relationship between the realtor and the seller, that the realtor did not have a contract with the buyers, either individually or as Tempo. Faced with

such a showing, it was incumbent upon the realtor to make a showing in rebuttal that negotiations between itself and the buyers were still pending at the time of the sale and that the seller was aware of the negotiations. *Gibbs v. Nixon,* 154 Ga. App. 463, 466 (268 SE2d 670) (1980); see *Hodges-Ward Assocs. v. Ecclestone,* 156 Ga. App. 59 (1) (273 SE2d 872) (1980); *Tidwell & Yarbrough Realty Co. v. Foster,* 123 Ga. App. 192 (2) (180 SE2d 259) (1971). The realtor did not do so. Instead, the realtor argued, and argues now, that the six-month gap between its last contact with the seller and buyers and the sale was not a sufficient period of time in light of the magnitude of the transaction upon which to conclude that negotiations between itself and the buyers had ceased. We disagree. Regardless of the magnitude of the sale, it cannot reasonably be said that, with a willing seller on one side and willing buyers on the other, the realtor was involved in pending negotiations when the realtor made absolutely no contact with either side for six months, particularly in light of the fact that no party to the sale was bound by contract to utilize the services of the realtor. The seller was bound only to refrain from interfering with negotiations between the realtor and the buyers procured by the realtor (see *Pate v. Milford A. Scott Real Estate Co.,* 132 Ga. App. 49 (2) (207 SE2d 567) (1974); *Tidwell & Yarbrough Realty Co. v. Foster,* supra) and the buyers were not bound in any regard.

We hold that the realtor failed to rebut the evidence offered pursuant to the motion for summary judgment by the seller and the buyers showing that the realtor abandoned its efforts to effect a sale between the parties; therefore, the trial court correctly granted their motion as to this count of the complaint. See *Gibbs v. Nixon,* supra at 467.

2. Inasmuch as a showing that the realtor was the procuring cause of the sale is an essential element of a claim of conspiracy to defraud the realtor of a real estate broker's commission, our conclusion in Division 1 that the realtor was not the procuring cause is conclusive on this issue as well. *Hodges-Ward Assocs. v. Ecclestone,* supra at 61; *Parrish v. Ragsdale Realty Co.,* 135 Ga. App. 491 (6) (218 SE2d 164) (1975).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1983.

*R. Jeffrey Morrison,* for appellant.

*Roman A. DeVille, William D. Barwick, J. Corbett Peek, Jr.,* for appellees.