70011. DOYAL & ASSOCIATES, INC. v. WILMA SOUTHEAST, INC. et al.
(332 SE2d 24)

BENHAM, Judge.

Appellant, a real estate broker, filed suit against appellees, seeking payment of a real estate brokerage commission under theories of implied consent or quantum meruit. There was no written contract between appellant and any of the appellees. This appeal follows the trial court's grant of summary judgment to appellees.

1. When appellees' motions for summary judgment came on for a hearing, the trial court denied the motions because a deposition upon which all parties relied had not been filed. The oversight was immediately rectified and the trial court, after hearing argument, vacated the order denying summary judgment the next day. Four days later, the trial court granted appellees' motions. In its first enumerated error, appellant asserts error in the vacation of the original order which denied the motions for summary judgment. " 'A trial court has inherent power to modify its own judgment during the term at which it was rendered, and this power may be exercised on the court's own motion, with or without notice to the parties. [Cits.]' " *Cooley v. All the World,* 247 Ga. 459 (1) (276 SE2d 615) (1981). Thus, the trial court had the authority to vacate its order, and we see no reason to tamper with its exercise of that authority.

2. Addressing the merits of the case, appellant also finds error in the grant of summary judgment to appellees. Appellant maintains that there exist issues of material fact as to whether it was the "procuring cause" of the real estate transaction and whether appellees were liable to appellant under a theory of quantum meruit. After reviewing the record, we find ourselves in disagreement with appellant and affirm the trial court's action.

Viewed in a light favorable to appellant, the evidence shows that appellant's salesman talked with agents of appellee National Bank of Georgia ("NBG") in July 1980 about procuring sites for NBG branch banks. In January 1981, appellant's agent showed the NBG agents Riveredge Office Park, owned by appellee Wilma Southeast, Inc. ("Wilma"), procured various material about the office park from Wilma, and forwarded it to the NBG agents. At this time, appellant's

agent advised Wilma of appellant's representation of NBG. In April 1982, appellant became aware of the purchase of a real estate tract in the Riveredge area from Wilma by GRP, Inc., on which tract was to be constructed NBG's headquarters. Appellant claims entitlement to the brokerage commission paid on the sale of the property.

"[A] real estate broker is entitled to its commission if it either effects the sale or was the procuring cause which culminated in the sale. [Cits.]" *Newman v. James M. Vardaman & Co.*, 162 Ga. App. 878 (3) (293 SE2d 462) (1982). Although the question whether or not a realtor was a procuring cause is generally one for the jury, when faced with a motion for summary judgment supported by sworn testimony that counters the claim, the burden is on the realtor to make a threshold showing to survive the motion. *Fields Realty &c. Co. v. Teper*, 165 Ga. App. 28 (1) (299 SE2d 74) (1983). "[T]he broker must show and prove that there were negotiations still pending between the broker and the prospective purchaser and that the owner was aware that negotiations were still pending at the time he consummated the sale. [Cits.]" *Gibbs v. Nixon*, 154 Ga. App. 463, 466 (268 SE2d 670) (1980). In the case at bar, appellant's agent was working with NBG on the procurement of sites for branch banks, and obtained information about a possible site to be leased in a building being constructed by Wilma on property Wilma owned. This was not the property subsequently purchased by GRP for NBG's headquarters. Appellant's agent never sent NBG or GRP any information on the headquarters property and never discussed that property with NBG or GRP representatives. We can find no evidence of record that appellant was the procuring cause of the sale of the headquarters property by Wilma to GRP, Inc. See *Kraft Land Services v. Hart Co.*, 165 Ga. App. 358 (1) (300 SE2d 186) (1983); *Gibbs v. Nixon*, supra.

3. Appellant's argument that a jury question remains as to its alleged entitlement to a quantum meruit award must also fail. As stated above, the record contains no evidence of any pending negotiations between appellant and GRP which amounted to a procuring cause of the sale by appellant. Thus, there was no showing of liability for a real estate brokerage commission based on either a contract or quantum meruit theory. See *Gibbs v. Nixon*, supra at 467.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 23, 1985.

*Barry L. Zimmerman*, for appellant.
*Edward S. Sams, Alfred A. Lindseth, Stephen M. Dorvee*, for appellees.