A89A0323. PITTARD MACHINERY COMPANY v. MITSUBISHI INTERNATIONAL CORPORATION.
(384 SE2d 423)

BENHAM, Judge.

Claiming it was entitled to commissions on eight sales of appellee's products, appellant filed suit against appellee. After conducting a hearing, the trial court concluded that appellant was not the procuring cause of any of the sales at issue and granted summary judgment to appellee. This appeal followed.

In 1982 or 1983, appellant, a retailer of machine tools, was the only dealer in Georgia and Alabama permitted to purchase appellee's electrical discharge machines (EDMs) to resell to others in Georgia and Alabama. In May 1986, appellee informed appellant that its exclusive dealer status was terminated, but it could be a non-exclusive dealer of appellee's products. In July 1986, appellee completely terminated its relationship with appellant and gave appellant until September 1, 1986, to consummate sales on quotations it had given to prospective customers. No such sales occurred. In June 1987, appellant filed this suit seeking commissions on a sale consummated by appellee in June 1986; on three sales made by another company the year following appellee's termination of appellant; and on four sales or leases made by still another company the following year.

1. In its order granting summary judgment, the trial court concluded that appellant's claims were without merit since appellant was

not the procuring cause of the contested sales of appellees' product. Appellant's first two enumerations of error concern statements made by the trial court during the hearing but not specifically incorporated into the written order on the motion for summary judgment. The trial court's oral determinations that there was no written contract between the parties and that appellant's recovery was precluded by the non-exclusivity of the contract between the parties, even if erroneous, do not constitute reversible error since it is uncontradicted that appellant's exclusive arrangement with appellee terminated prior to any of the sales, thereby requiring appellant to have been a procuring cause of the sales in order to recover any commissions. See *Hendrix v. First Nat. Bank &c.*, 173 Ga. App. 513, 515 (326 SE2d 489) (1985); *Gibbs v. Nixon*, 154 Ga. App. 463, 466 (268 SE2d 670) (1980). We therefore turn to the question whether appellant was the procuring cause of the disputed sales.

2. In determining whether one is the procuring cause of a sale where there is no exclusive contract to sell, it must be established that the negotiations were still pending between the prospective purchaser and the one seeking the commission and that the owner was aware that there were pending negotiations when it consummated the sale. *Hendrix*, supra at 515. The undisputed evidence concerning the June 1986 sale was that appellant acquiesced in the purchaser's choice of a competitor's product and reported to appellee that it had lost a sale. Thus, appellant was no longer negotiating with the prospective purchaser, and appellee had been made aware that negotiations had ceased. As for the remaining sales, the evidence is without dispute that appellant's negotiations with any of the ultimate purchasers had long ceased. "Finding the prospect and attempting to make the sale are not sufficient, in law, to entitle an agent to a commission; to earn the commission, he must be the procuring cause of the sale. [Cit.]" *Foshee v. Harris*, 170 Ga. App. 394, 396 (317 SE2d 548) (1984). Appellant has failed to rebut the undisputed proof that it was not the procuring cause of any of these sales; therefore, summary judgment for appellee was appropriate. *Fields Realty &c. Co. v. Teper*, 165 Ga. App. 28 (1) (299 SE2d 74) (1983).

3. Since appellant was not the procuring cause of the transactions, it was not entitled to recover under a quantum meruit theory. *Allen v. T. A. Communications*, 181 Ga. App. 726, 727 (353 SE2d 569) (1987); *Doyal & Assoc. v. Wilma Southeast*, 174 Ga. App. 851 (3) (332 SE2d 24) (1985).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1989 —
REHEARING DENIED JULY 13, 1989 —

*Novy & Jaymes, Eugene Novy, R. Craig Henderson*, for appellant.

*Craig K. Pendergrast*, for appellee.