A89A1722. INCOME PROPERTIES et al. v. GLASS et al.

(392 SE2d 728)

COOPER, Judge.

Appellants, several real estate agents and brokers, sued appellees, all of the sellers, or agents of sellers, and the purchaser of several parcels of contiguous real estate, for commissions they claim were earned on the sale. Appellants seek actual and punitive damages, under theories of breach of contract, quantum meruit, conversion, and conspiracy. On appeal, appellants allege error in the trial court's grant of summary judgment to appellees and the denial of their mo-

tion for partial summary judgment.

The evidence shows that the purchaser, Sherwin Glass ("Glass") retained a broker, David Rice ("Rice"), to help him locate and purchase a piece of property. Rice contacted another broker, Ross Lucas ("Lucas"), who then contacted Bob Smith ("Smith"), also a broker. Smith contacted Hugh Hunter ("Hunter"), a real estate agent, who informed him about a parcel of property of approximately 700 acres owned by John Taulman ("Taulman") and other appellees. Hunter had sold property for Taulman before, and Taulman had previously told Hunter that he was interested in selling the 700-acre parcel of property. Glass inspected the property with Rice, Lucas and Hunter and, after inspecting the property a second time, contacted Hunter to get his assistance in purchasing approximately 200 acres of the Taulman property. Although Hunter and Glass met on several occasions, they never discussed a price to be offered for the property or any other terms and conditions of the sale. Subsequently, Glass told Hunter he wanted to negotiate directly with Taulman, to which Hunter agreed. Several months later, Glass closed a transaction, without any brokers being present, purchasing 447 acres of the Taulman property and in December 1983, Glass purchased approximately 300 more acres of the Taulman property. Neither Hunter nor any of the brokers received a commission, although Rice received a "consulting fee" from Glass.

1. Appellants, contending that a question of fact existed as to whether they were the "procuring cause" of the sale of the property, enumerate as error the trial court's grant of summary judgment to appellees. "Where a property owner has authorized a broker to procure a purchaser for his property but has not given him an 'exclusive agency' to do so, the owner remains free to sell the property himself or to sell it through another broker. [Cits.]" *Kraft Land Svcs. v. Hart Co.*, 165 Ga. App. 358 (1) (300 SE2d 186) (1983). It is undisputed that Taulman did not give Hunter an exclusive listing, but merely told Hunter he was interested in selling the property. "Finding the prospect and attempting to make the sale are not sufficient, in law, to entitle an agent to a commission; to earn the commission, he must be the procuring cause of the sale. [Cit.]" *Foshee v. Harris*, 170 Ga. App. 394, 396 (317 SE2d 548) (1984). "In determining whether a broker was the procuring cause of the sale where there is no exclusive contract to sell, it must be established that (i) the negotiations were still pending between the broker and the prospective purchaser; and (ii) the owner was aware that the negotiations were still pending at the time he consummated the sale. [Cits.]" *Hendrix v. First Nat. Bank of Columbus*, 173 Ga. App. 513, 515 (326 SE2d 489) (1985). "Although the question whether or not a realtor was a procuring cause is generally one for the jury, when faced with a motion for summary judg-

ment supported by sworn testimony that counters the claim, the burden is on the realtor to make a threshold showing to survive the motion. [Cit.]" *Doyal & Assoc. v. Wilma Southeast*, 174 Ga. App. 851 (2) (332 SE2d 24) (1985). Inasmuch as appellants have failed to show that either of them received an exclusive listing; that any offer was made to the seller through either broker or real estate agent; or that any negotiations ever took place between them and the purchaser, we find no evidence that appellants were the procuring cause of the sale.

Furthermore, we find that no commissions were earned by appellants. Taulman informed Hunter that he would like to sell all of the 700-acre parcel of property, but did not give him a written listing. Although Glass asked Hunter to assist him in purchasing 200 acres of Taulman property, he did not negotiate price or any other terms and conditions of the purchase, and did not make an offer on the property. During a meeting between Taulman, Glass and Hunter, Taulman maintained that he would not sell less than the whole parcel of property, and Glass maintained that he only wanted to purchase part of the property. Since neither Hunter nor any of the other brokers involved ever brought together a purchaser who was ready, able and willing to buy on the terms stipulated to by the seller, no commissions were earned. OCGA § 10-6-32.

Because the evidence demonstrates that appellants were not the procuring cause of the sale, summary judgment in favor of the appellees on the quantum meruit, conversion, conspiracy, and RICO counts was proper. *Hendrix v. First Nat. Bank of Columbus*, supra; *Booth v. Watson*, 153 Ga. App. 672 (3) (266 SE2d 326) (1980).

2. Appellants also enumerate as error the denial of their motion for partial summary judgment. Since appellants' motion was based on appellees' liability for the real estate brokerage commissions and there was no showing of any such liability, the trial court properly denied appellants' motion.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 7, 1990 —
REHEARING DENIED MARCH 28, 1990 —

*Glenville Haldi*, for appellants.
*Marian Exall, W. Stell Huie, Higgins & Dubner, Michael W. Higgins*, for appellees.